(101)

Darryl Carter
207 Alaska Ave #1
Fairfield, CA 94533-7400
Phone: 707-471-8284
Email: chad818@msn.com

**FILED**

MAY 2 8 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9

IN THE UNITED STATES BANKRUPTCY COURT

10

FOR THE EASTERN DISTRICT OF CALIFORNIA

11
12
13

In re

14

Darryl C. Carter

15

      Debtor.

16
17
18
19
20

Darryl Carter,

21

      Plaintiff,

22

  vs.

23

Ron L. Barber,

24

      Defendant

25
26
27
28

Case No. 13-34802-B-13J

ADV. PRO. NO.: *14-2144*

VERIFIED COMPLAINT FOR LEGAL AND
EQUITABLE RELIEF PER

28 U.S.C. § 157 (b) (2),
11 U.S.C. § 362 (k),
11 U.S.C. §§ 365 (d)(1),(d)(2),
11 U.S.C. § 105

**JURY TRIAL DEMANDED**

– 1 –

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

# Table of Contents

PARTIES ................................................................................................................ 3

JURISDICTION AND VENUE ............................................................................... 3

FACTUAL BACKGROUND ................................................................................... 4

COMMON ALLEGATIONS ................................................................................... 5

CAUSES OF ACTION ............................................................................................ 6

    COUNT I................................................................................................................ 6

        Sanctions for Stay Violations .......................................................................... 7

        [28 U.S.C. § 362 (h), 11 U.S.C. § 105] ......................................................... 7

    COUNT II .............................................................................................................. 8

        Emotional Distress .......................................................................................... 8

    [28 U.S.C. § 362 (h)]........................................................................................... 8

PRAYER ................................................................................................................ 11

DEMAND FOR JURY TRIAL............................................................................... 12

VERIFICATION..................................................................................................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

## PARTIES

### 1.

Ron L. Barber is an individual residing in the State of California. Upon information and belief, Ron L. Barber is the owner of real property the subject of this action. Ron L. Barber asserts or otherwise has taken action pursuant a purported lease agreement relative to the debtor's underlying chapter 13 case in this Court.

### 2.

Darryl C. Carter is an individual residing in the State of California and is the debtor in the underlying chapter 13 case.

## JURISDICTION AND VENUE

### 3.

Debtor brings this action pursuant 28 U.S.C. § 157 (b) (2), 11 U.S.C. § 362 (k), 11 U.S.C. §§ 365 (d) (1), (d) (2) and. Debtor seeks judgment for sanctions and damages, *inter alia*, 11 U.S.C. § 362 (k), and 11 U.S.C. § 105.

### 4.

This Court has jurisdiction of this adversary proceeding pursuant to (A) 28 U.S.C. § 157 as a civil core proceeding, and (B) 28 U.S.C. § 1334 as a civil proceeding arising under United States Bankruptcy Code ("USBC") or arising in a case commenced under USBC.

### 5.

Venue lies in the Eastern District of California pursuant 28 U.S.C. §§ 1408 (1), 1409 (a). Moreover, this is a proceeding arising under USBC or arising in a case commenced by Debtor under USBC chapter 13 in the Eastern District of California.

- 3 –

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

# FACTUAL BACKGROUND

## 6.

Defendant Barber filed an Unlawful Detainer ("UD") action on 05/13/14 alleging the existence of lease agreement between him and the Plaintiff.

## 7.

The lease attached to Defendant Barber's complaint states Crown Realty Property Management as the landlord.

## 8.

Additionally in one or more papers in the lease addenda Crown Realty Property Management is shown as the landlord and owner.

## 9.

On the face of Defendant Barber's UD action he is shown as the only Plaintiff.

## 10.

Plaintiff is informed and believes that Defendant Barber's verified UD action was verified by Katherine Ocenasek and that the signature shown on such verification is that of Katherine Ocenasek.

## 11.

Plaintiff received a judgment against both Katherine Ocenasek and Loyd D. Gularte Inc. Loyd D. Gularte Inc. is identified in the Debtor's chapter 13 case per security deposits Debtor paid and the then pending action against Loyd D. Gularte Inc. both of which relating to the Debtor's estate.

## 12.

CryRag Inc. is the legal entity per the lease attached to Defendant Barber's UD action given Crown Realty Property Management is one of the dba names of CryRag Inc. Defendant Barber

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

asserted, in his UD action, that Katherine Ocenasek of Crown Realty Property Management is his agent. CryRag Inc. is actually the legal entity to which Debtor, consequently, paid security deposits.

13.

Defendant's lease has neither been assumed nor rejected per Debtor's chapter 13 case.

14.

Defendant's process server left a summons and complaint dangling from Plaintiff's front screen door on 05/14/14.

15.

Defendant's process server posted a, second, summons and complaint on Plaintiff's window on 05/20/14. Defendant's process server mailed the summons and complaint on the same day 05/20/14.

## **COMMON ALLEGATIONS**

16.

Plaintiff does not personally know Ron L. Barber, and to the extent there is a lease agreement with Ron L. Barber such a lease has not been assumed or rejected with respect to the underlying chapter 13 case. The lease agreement shows Crown Realty Property Management as the landlord and the addenda identify Crown Realty Property Management as the landlord and owner.

17.

Defendant Barber commenced a UD action on 05/13/14 despite the stay imposed in this Court. Additionally, Defendant Barber's process server improperly attempted service of process on 05/14/14. Moreover, Plaintiff filed a motion to quash the action and a simultaneous demurrer on 05/15/14. See **Exhibit A**. Such action was set for a hearing on 05/22/14.

– 5 –

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

18.

Before the matter could be heard on 05/22/14, as scheduled, Defendant Barber's process server, again, improperly attempted service of process on 05/20/14. Defendant Barber's process server attempted or performed, "Post and mail" service on 05/20/14, whereas the procedural history does not show that Defendant Barber obtained an Order from the Court for this type of "Post and mail" service. See **Exhibit D**.

19.

In the hearing on 05/22/14, Defendant Barber's attorney or associate attorney appeared, on his behalf, and asserted that his client was unaware of a bankruptcy proceeding prior to commencing the UD action. Notwithstanding Defendant Barber's assertion of "no knowledge," he sent his process server out to perform service of process, again, on 05/20/14 after receiving Carter's motion to squash and demurrer [asserting lack of jurisdiction]. See **Exhibit C**. Defendant Barber, by and through his attorney, was personally served by the Solano County Sheriff on 05/16/14 of the Debtor's motion to quash and demurrer as filed on 05/15/14. See **Exhibit B**.

20.

In the 05/22/14 hearing, Defendant Barber orally requested a continuance to which Debtor objected and instead requested dismissal of the action. Carter's dismissal request was denied, albeit, acknowledgement of no jurisdiction.

## **CAUSES OF ACTION**

### **COUNT I**

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

**<u>Sanctions for Stay Violations</u>**

**[28 U.S.C. § 362 (h), 11 U.S.C. § 105]**

21.

Plaintiff incorporates ¶¶ 1-20 as though fully set forth herein.

22.

Defendant Barber knowingly and willfully sent his process server out to perform service of process on 05/13/14. Plaintiff having noticed several extremely alarming issues with Defendant Barber's actions, filed motions challenging both personal and subject matter jurisdiction. The basis for the subject matter jurisdiction objection was given the lease, in question, was neither assumed nor rejected and furthermore, and Defendant Barber improperly brought his UD action in violation of the stay per this Court. Plaintiff has, also, sought confirmation of the 1st Modification of the Chapter 13 Plan as filed on 04/22/14.

23.

Defendant Barber was well aware of Plaintiff's assertion that his actions were improper as he was served with Carter's motions on 05/16/14. Despite Barber's knowledge of the impropriety of his actions, regarding the UD action and his process server, Defendant Barber, again, sent his process server out to perform service of process on 05/20/14. Regarding the 05/20/14 attempt, Plaintiff did not see, hear, or witness anyone attempting service of process but instead noticed the complaint and summons posted on the window on 05/20/14 at approximately 9:05 p.m. On 05/22/14, Plaintiff received a complaint and summons via mail.

24.

- 7 –

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

The procedural history for the underlying UD case does not show that Barber obtained an order from the Court for "Post and mail" service of process. Moreover, Carter is informed and believes that Defendant Barber's attorney or associate attorney intended that his special relationship with the Court would enable him to get around jurisdictional objections and/or hurdles. Moreover, Defendant Barber claims to have had no prior knowledge of the underlying chapter 13 case, yet clearly he was informed of the same on 05/16/14 by the sheriff, and, nonetheless, continued with his UD actions even after being informed of the same. Not to mention Barber sought continuation in the action despite Carter's contentions for dismissal of the action. In *Eskanos*, "…sanctions were appropriate under 11 U.S.C. § 362(h) because Eskanos knew of the bankruptcy filing on September 6, 2000, and unjustifiably delayed in dismissing the state action until September 29, 2000." *Eskanos v. Leetien, 309 F.3d at 1210*.

## COUNT II

### Emotional Distress

### [28 U.S.C. § 362 (h)]

25.

Plaintiff incorporates ¶¶ 1-24 as though fully set forth herein.

26.

Plaintiff Carter is informed and believes that Defendant Barber set out to evict and punish Plaintiff Carter due to Carter's filing of a small claims action in which carter was successful to the tune of $5,612.08.

27.

- 8 -

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

Defendant Barber's service of process on 05/14/14 was defective. Moreover, Defendant Barber was served Carter's motions on 05/16/14, therein objecting to subject matter jurisdiction due to bankruptcy.

28.

Barber continued with his UD actions on 05/20/14, again, improperly attempting service of process via "Post and mail." Defendant Barber knew that he did not obtain a Court order for this type of service. Moreover, Plaintiff Carter is informed and believes that Defendant Barber intended for his process server to file a false affidavit confirming service.

29.

Carter is, likewise, informed and believes that Defendant Barber intended for one or more of his counsel to leverage special relationships with the Court to get around the failure to obtain a "Post and mail" Order. Moreover, Defendant Barber's counsel is believed to be a UD mill specializing in churning UD cases for a flat fee, which Carter is informed and believes, is furthered through special relationships with the Court.

30.

Plaintiff has and continues to experience devastating emotional distress. Plaintiff's extreme emotional distress is the direct and proximate result of Defendant Barber's UD actions which gave rise to this instant action. Defendant's UD actions are egregious, extreme, and well beyond the bounds of decency as the face of summons and complaint shows several serious defects which were intended to evict the Plaintiff via summary proceedings.

31.

The complaint contains a false or otherwise improper verification, improper claims of monies owed affecting Debtor's estate, misrepresentations of fact, and improper service of process. Further,

– 9 –

1　Plaintiff believes that Defendant intended or otherwise expected all of the mentioned defects and

2　misrepresentations to act in concert to the end of a rubber stamp ejection via summary proceedings

3　per a pro tem judge.

4
　　　　　　　　　　　　　　　　　　　　　　32.

5

6　　　　　Plaintiff's devastating emotional distress, resultant of Defendant Barber's actions, has been

7　extreme and severe. Although Defendant's actions are egregious "even if the violation of the

8　automatic stay was not egregious," he could recover emotional distress damages that arose from a

9　stay violation. *Dawson v.Washington Mutual Bank, F.A. (In re Dawson), 390 F.3d 1149 -1150 (9th*

10　*Cir. 2004)*. Moreover, emotional distress damages are available where circumstances make obvious

11　"that a reasonable person would [have] suffer[ed] significant emotional harm." *Id. at 1149-51*.

12　Plaintiff did not sleep the first 24 hours after Defendant's first improper service of process as he had

13

14　to stay awake to scurry and formulate a response. Even after the first 24 hours, Plaintiff has slept little

15　to none. Adding insult to injury, Defendant Barber sent his process server out, again, on 05/20/14.

16
　　　　　　　　　　　　　　　　　　　　　　33.

17

18　　　　　Plaintiff's ability to sleep, concentrate, or focus on essential daily requirements has been

19　seriously impacted. Additionally, Plaintiff has and continues to experience serious anxiety, trembles,

20　and restless leg shaking all of which the direct and proximate cause of Defendant Barber's UD

21　actions. Plaintiff has and continues to live in fear of what other improper actions Defendant Barber

22　has planned or will plan. Consequently, Plaintiff constantly looks out the window in fear and

23　anticipation of "What's next."

24

25
　　　　　　　　　　　　　　　　　　　　　　34.

26

27

28

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

# **PRAYER**

WHEREFORE, Plaintiff Carter prays for judgment against Defendant Barber as follows:

**Regarding the first claim of relief**:

1. Order enjoining Defendant Barber and any person or persons acting in concert with Defendant Barber from further pursuing any action related to the case FCM141292; filing any subsequent matter/action which would or could conflict with this action; an Order for Defendant Barber to dismiss the improper state court action;

2. Determination that any assertion of a claim against Debtor's estate by Barber, his agent, his broker or any other person or entity which might be an assignee or other interested party to the lease in question and any possible money claims associated, therein, either current or future, be denied without recourse.

**Regarding the second claim of relief**:

1. Determination that Carter is entitled to emotional distress damages resultant of Barber's UD actions the greater of $50,000 or that which is determined at trial.

**Regarding all claims of relief**:

1. An Order for Defendant Barber to pay Carter's costs of the suit incurred, herein, including attorney fees to the extent incurred pursuant the work expended for this action.

2. That Plaintiff is entitled to recover punitive damages.

3. Any further relief that this Court deems just and proper.

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

# <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury in this action.

DATED: May 27, 2014

_____
Darryl Carter
Appearing Pro Se

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

# **VERIFICATION**

The undersigned for himself declares:

I am the plaintiff in the above captioned action. I have read the foregoing complaint and know the contents and exhibits attached thereto. With respect to the causes of action I allege, the same is true of my knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on May 27, 2014 at Fairfield, California.

Darryl Carter
Appearing Pro Se

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

# **EXHIBIT A**
## (Motion Quash Demurrer 05/14/14)

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

Darryl Carter
207 Alaska Ave #1
Fairfield, CA, 94533-7400
707-471-8284

ENDORSED FILED
SOLANO SUPERIOR COURT

14 MAY 15 PM 1:52

BY _____ D. MCESSY

DEPUTY CLERK

Darryl Carter, SPECIALLY APPEARING IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SOLANO

| | |
|---|---|
| Ron L. Barber et al.,<br><br>        Plaintiff,<br><br>    vs.<br><br>Darryl Carter,<br><br>        Defendant | Case No.: FCM141292<br><br>LIMITED JURISDICTION<br><br>NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Complaint filed: 05/13/14<br>Hearing Date: 5-22-14<br>Hearing Time: 2:00pm<br>Hearing Department: 26 |

- 1 -

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

1   TO THE COURT, ALL INTERESTED PARTIES HEREIN, AND THEIR ATTORNEYS

2   OF RECORD:

3

4        **PLEASE TAKE NOTICE THAT** a hearing will be held on _5-22-14_ at

5   _2:00 p._, or as soon thereafter as the matter can be heard, in Department _26_ of the above-

6

7   entitled Court, located at 600 Union Ave, Fairfield, California 94533, the Defendant ("CARTER"),

8   specially appearing, will move the Court for an order quashing Plaintiff's purported service of

9   summons and complaint on Defendant.

10       The basis for this motion is, *inter alia*, CCP 418.10 on the grounds that the summons and

11  complaint were not properly served on Defendant as strictly construed by statute. Specifically,

12  CARTER was not personally served with the summons and complaint. Instead the summons and

13  complaint were left dangling from the front screen door. Moreover, Defendant took pictures showing

14  the complaint and summons dangling from the front screen door on 05/14/14. Plaintiff did not obtain

15  an order from the Court for this type of substitute service. Therefore service of process was not

16  perfected and this instant action to quash service of the summons and complaint is appropriate.

17

18       Where issues of subject matter jurisdiction are implicated, such is generally addressed by a

19  simultaneous demurrer filing. Thus, Defendant raises subject matter jurisdiction in a separate and

20  simultaneous paper filed along with this instant motion.

21

22

23  DATED: May 14, 2014

24

25                                                    _____

26                                                    Darryl Carter
                                                     Specially Appearing In Pro Per
27

28
_____

                                    - 2 -

            NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................. 3

TABLE OF AUTHORITIES ............................................................................ 4

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 5

   1.  SERVICE OF THE SUMMONS IS DEFECTIVE AND SHOULD BE QUASHED ............... 5

   2.  PLAINTIFF CANNOT MEET HIS BURDEN OF SHOWING SERVICE OF PROCESS WAS PERFECTED AS STATUTORILY AUTHORIZED. ........................................ 7

CONCLUSION ............................................................................................... 8

---

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

1

# TABLE OF AUTHORITIES

2

3
**Cases**

4
*Bolkiah v. Superior Court (1999) 74 Cal.App.4th 984, 991* ................................................ 6

5
*Ellard v. Conway (2001) 94 Cal. App. 4th 540, 544* ................................................ 4

6
*Renoir v. Redstar Corp (2004) 123 Cal. App. 4th 1145, 1150* ................................................ 4

7
*Schering Corp. v. Super.Ct. (Ingraham) (1975) 52 Cal. App. 3d 737, 741* ................................................ 6

8

9
*Taylor-Rush v. Multitech Corp. (1990) 217 Cal.App.3d 103, 111* ................................................ 6

10
**Statutes**

11
CCP § 415.10 ................................................ 4

12
CCP § 415.45 ................................................ 5

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. SERVICE OF THE SUMMONS IS DEFECTIVE AND SHOULD BE QUASHED

An action for unlawful detainer is authorized by statute and well understood to be summary in nature. Given the accelerated nature of unlawful detainer actions, "[F]ulfilling the statutory requirements of service of process – i.e. service of summons is necessary to obtain personal jurisdiction over a party." *Renoir v. Redstar Corp (2004) 123 Cal. App. 4th 1145, 1150*. Indeed, proper service of process in not a mere technicality but rather, "Compliance with the statutory procedures for service of process is essential to establish personal jurisdiction." *Ellard v. Conway (2001) 94 Cal. App. 4th 540, 544*.

Debate as to the proper procedures would be fruitless given we need not look further than the statute itself. Specifically, CCP § 415.10 states in pertinent part, "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."

Where a Plaintiff has not complied with CCP § 415.10, "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes: *(1)* To quash service of summons on the ground of lack of jurisdiction of the court over him or her."

On the face of the summons, Defendant was not personally served. Additionally and specifically, the first page of the COMPLAINT shows a blank "Date of Service" box. Furthermore, Defendant noticed the Plaintiff's COMPLAINT dangling from the front screen door on 05/14/14, just one day after the COMPLAINT file date. Therefore, service of process was not perfected.

---

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

Statute does authorize alternate forms of service of process as explicitly enumerated and accordance to strict procedural compliance. Specially, CCP § 415.45 states, "(a) A summons in an action for unlawful detainer of real property may be served by posting if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in any manner specified in this article other than publication and that: (1) A cause of action exists against the party upon whom service is to be made or he is a necessary or proper party to the action; or (2) The party to be served has or claims an interest in real property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding such party from any interest in such property. (b) The court shall order the summons to be posted on the premises in a manner most likely to give actual notice to the party to be served and direct that a copy of the summons and of the complaint be forthwith mailed by certified mail to such party at his last known address. (c) Service of summons in this manner is deemed complete on the 10th day after posting and mailing. (d) Notwithstanding an order for posting of the summons, a summons may be served in any other manner authorized by this article, except publication, in which event such service shall supersede any posted summons."

Plaintiff did not request, nor did Plaintiff obtain an Order from this Court for posting of the summons and complaint, and as such service of process is defective and the summons must be quashed, irrespective of whether or not the Defendant is in possession of the summons and complaint. Additionally, the COMPLAINT shows a filing date of 05/13/14. At the same time, Defendant noticed the COMPLAINT dangling from the front screen door just one day after on, 05/14/14, the COMPLAINT's filing date. Defendant cannot and will not show precedence authorizing "Post and mail" alternative service of process just one day after the COMPLAINT is shown to be filed. In such case, the definition and purpose the California Legislature set forth with respect to personal service is

- 6 -

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

without meaning or purpose if a Defendant can obtain a "Post and mail" alternative form of service the very next day after the COMPLAINT is shown to be filed. Statutory requirements are just that requirements and such has routinely been viewed as a small tradeoff for the summary accelerated nature of unlawful detention actions.  Once more, a motion to quash will lie if process was not served in a statutorily-authorized manner. *Schering Corp. v. Super.Ct. (Ingraham) (1975) 52 Cal. App. 3d 737, 741*.

## 2.  PLAINTIFF CANNOT MEET HIS BURDEN OF SHOWING SERVICE OF PROCESS WAS PERFECTED AS STATUTORILY AUTHORIZED.

It is settled that once a defendant moves to quash service that the plaintiff has the burden of showing that service was, in fact, valid as authorized by law. Plaintiff must meet such burden by a preponderance of the evidence showing statutorily authorized service to assert personal jurisdiction over the Defendant. *Bolkiah v. Superior Court (1999) 74 Cal.App.4th 984, 991*. Furthermore, the COMPLAINT contains a page identified as "VERIFICATION," per the heading, yet the page does not identify the person making the verification, instead the "VERIFICATION" page merely shows an illegible signature but does not print or otherwise identify the person making the verification.

Plaintiff cannot and will not show that (a) Defendant was personally served nor can (2) Plaintiff show that he obtained an Order for the "Post and mail" alternative form of service just one day after the ubiquitous COMPLAINT file date of 05/13/14.

The Defendant is under no duty, whatsoever, to respond to defective service of process and may stand mute until the Plaintiff makes a showing of the validity of the service to the satisfaction of the Court. *Taylor-Rush v. Multitech Corp. (1990) 217 Cal.App.3d 103, 111*.

---

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

## **CONCLUSION**

Based on foregoing, Defendant's Motion to Quash Service of the Summons should be granted.

Dated: May 14, 2014

Darryl Carter
Specially Appearing, In Pro Per

- 8 -

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

1  Darryl Carter
   207 Alaska Ave #1
2  Fairfield, CA, 94533-7400
   707-471-8284
3

4

5  Darryl Carter, IN PRO PER

6

7

8

9

10

11             SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    FOR THE COUNTY OF SOLANO

13

14

15
   Ron L. Barber et al.,                    )  Case No.: FCM141292
16                                           )
                 Plaintiff,                  )  LIMITED JURISDICTION
17                                           )
                                             )
18      vs.                                  )  NOTICE OF HEARING AND DEMURRER
                                             )  TO COMPLAINT; MEMORANDM OF
19  Darryl Carter,                           )  POINTS AND AUTHORITIES
                                             )
20               Defendant                   )  Filed concurrently with Request for Judicial
                                             )  Notice.
21                                           )
                                             )  Complaint filed: 05/13/14
22                                           )
                                             )  Hearing Date: 5-22-14
23                                           )  Hearing Time: 2:00pm
                                             )  Hearing Department: 26
24

25

26

27
   _____
28
                                    - 1 -

             NOTICE OF HEARING AND DEMURRER TO COMPLAINT

TO THE COURT, ALL INTERESTED PARTIES HEREIN, AND THEIR ATTORNEYS OF RECORD:

   **PLEASE TAKE NOTICE THAT** a hearing will be held on _5-22-14_ at _2:00 pm_, or as soon thereafter as the matter can be heard, in Department _26_ of the above-entitled Court, located at 600 Union Ave, Fairfield, California 94533, on the within Demurrer of Defendant Darryl Carter (hereinafter the "CARTER") Complaint filed by Plaintiff Ron L. Barber.

   Hereinafter **"CCP"** refers to the Code of Civil Procedure. The Demurrer will be based on this Notice of Hearing, the accompanying Demurrer, and Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, the proposed order filed herewith, and all pleadings and papers on file in the above-captioned action.

DATED: May 14, 2014

                                          _____
                                          Darryl Carter
                                          In Pro Per

- 2 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ....................................................................................................... 3

DEMURRERS ..................................................................................................................... 4

TABLE OF AUTHORITIES ................................................................................................ 6

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 7

   1.   The First Cause of Action Fails to State a Cause of Action for Unlawful Detainer Because

Entertainment of This Action Frustrates United States Code. ........................................... 7

   2.   The Second Cause of Action Fails to State a Cause of Action for a Purported Balance Owed

Plaintiff Because Entertainment of This Action Frustrates United States Code ................ 8

REQUEST FOR JUDICIAL NOTICE ................................................................................ 2

   1.   THE COURT MAY TAKE JUDICIAL NOTICE OF JUDGMENTS, FEDERAL LAW, AND

FACTS. ............................................................................................................................... 2

CONCLUSION ................................................................................................................... 3

DECLARATION IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE ..................... 5

- 3 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

# **DEMURRERS**

The definition(s) set forth ante in the Notice of Hearing are incorporated by reference as though fully set forth herein.

DEMURRING DEFENDANT CARTER, for himself, hereby sets forth demurs to the Complaint on the following grounds:

1. The first cause of action in the COMPLAINT as to unlawful detainer fails as such interferes with the Defendant's estate as per 11 U.S.C § 362, 365.

2. To the extent the COMPLAINT identifies a second cause of action claiming $825 and any per day balance owed to the Plaintiff fails *given the interference with the Defendant's estate as* per 11 U.S.C § 362, 365.

3. The first cause of action as to unlawful detainer fails. On the face of the COMPLAINT Plaintiff is not entitled to possession. The Complaint refers to a third party Ron L. Barber whereas the attached lease names Crown Realty Property Management as the landlord and owner. Moreover, the attached lease is NOT a true and correct complete copy of the lease nor has Plaintiff so alleged.

4. To the extent the COMPLAINT identifies a second cause of action claiming $825 owed to the Plaintiff such fails. On the face of the COMPLAINT, Plaintiff is not entitled to collect the purported balance of $825 and any per day balance as the attached lease states Crown Realty Property Management as the landlord and owner and the party to the attached lease. Moreover, the attached lease is NOT a true and correct complete copy of the lease nor has Plaintiff so alleged.

- 4 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

WHEREFORE, the DEMURRING DEFENDANT CARTER prays for judgment as follows:

1. That the Demurrer to the Complaint be sustained in its entirety without leave to amend;

2. That the Plaintiff take nothing by his Complaint;

3. For reasonable attorney fees and costs incurred herein; and

4. For such other relief that this Court deems necessary and proper.

DATED: May 14, 2014

Darryl Carter
In Pro Per

- 5 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1992)* ........................ 7, 9

*In re Fred Di Giorgio 134 F.3d 971 (C.A.9 (Cal.), 1998* ................................................ 7, 8

*People v. Moreno, 108 Cal. App. 4th 1, 4 n.4 (2003)* ................................................ 2

*U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986)* ................................ 7, 8

**California Evidence Code**

Evid. Code § 451(a) ........................................................................ 2

Evid. Code § 452(d) ........................................................................ 2

Evid. Code § 452(h) ........................................................................ 2

**California Rules of Court**

California Rule of Court 3.1306(c) ........................................................ 2

**United States Code**

11 U.S.C. § 362(a) ........................................................................ 7, 8

11 U.S.C. § 365 (d) (1), (d) (2) .......................................................... 7, 8

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

**1. The First Cause of Action Fails to State a Cause of Action for Unlawful Detainer Because Entertainment of This Action Frustrates United States Code.**

Plaintiff Ron L. Barber and Crown Realty Property Management, in particular, Katherine Ocenasek are aware of the Defendant's bankruptcy petition. Notwithstanding the same, Plaintiff pursues this action in direct conflict with 11 U.S.C. § 362(a). Per the Ninth Circuit in *Di Giorgio*, "As debtors occupying rental property subject to a writ of possession, the Di Giorgios properly could challenge § 715.050, when they filed their bankruptcy petition." *In re Fred Di Giorgio 134 F.3d 971 (C.A.9 (Cal.), 1998*.

In this instant action, a writ of possession is not ripe; however, the current actions taken by Plaintiff which typically proceed a writ of possession i.e. the Complaint, are likewise properly challenged and preempted per 11 U.S.C. § 362(a) and 11 U.S.C. § 365 (d) (1), (d) (2). To the extent a residential lease, with Ron L. Barber and/or Crown Realty Property Management forms the basis of the COMPLAINT, such a lease has neither been assumed nor rejected for the purposes of the Chapter 13 petition. See 11 U.S.C. § 365 (d) (1), (d) (2). Additionally, Plaintiff lacks standing; under substantive law the real party in interest,"... is the person holding the title to the claim of the property involved..." *U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986)*. Not to mention the face of the COMPLAINT per the attached lease states Crown Realty Property Management as the landlord and owner. Moreover, any action taken during a bankruptcy stay constitutes a violation of the stay. *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1992)*. Plaintiff has improperly brought this Court into conflict with an Order of the appropriate Court. This Court has

---

- 7 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

no jurisdiction and as a matter of law this cause of action and the Complaint in its entirety must be demurred.

Plaintiff further alleges right of possession, yet on the face of the COMPLAINT, Crown Realty Property Management is shown as the landlord and owner. Moreover, Plaintiff categorically denies entering a lease agreement with Ron L. Barber.

## 2. The Second Cause of Action Fails to State a Cause of Action for a Purported Balance Owed Plaintiff Because Entertainment of This Action Frustrates United States Code.

Plaintiff Ron L. Barber and Crown Realty Property Management, in particular, Katherine Ocenasek are aware of the Defendant's bankruptcy petition. Notwithstanding the same, Plaintiff pursues this action in direct conflict with 11 U.S.C. § 362(a). Per the Ninth Circuit in Di Giorgio, "As debtors occupying rental property subject to a writ of possession, the Di Giorgios properly could challenge § 715.050, when they filed their bankruptcy petition." _In re Fred Di Giorgio 134 F.3d 971 (C.A.9 (Cal.), 1998._

In this instant action, a writ of possession is not ripe; however, the current actions taken by Plaintiff which typically proceed a writ of possession i.e. the Complaint, are likewise properly challenged and preempted per 11 U.S.C. § 362(a) and 11 U.S.C. § 365 (d) (1), (d) (2). To the extent a residential lease, with Ron L. Barber and/or Crown Realty Property Management forms the basis of the COMPLAINT, such a lease has neither been assumed nor rejected for the purposes of the Chapter 13 petition. See 11 U.S.C. § 365 (d) (1), (d) (2). Additionally, Plaintiff lacks standing; under substantive law the real party in interest,"… is the person holding the title to the claim of the property involved…" _U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986)._ Not to mention

---

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

the face of the COMPLAINT via the attached lease states Crown Realty Property Management as the landlord and owner. Moreover, any action taken during a bankruptcy stay constitutes a violation of the stay. *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1992)*. Plaintiff has improperly brought this Court into conflict with an Order of the appropriate Court. This Court has no jurisdiction and as a matter of law this cause of action and the Complaint in its entirety must be demurred.

Plaintiff further alleges right of possession yet on the face of the COMPLAINT, Crown Realty Property Management is shown as the landlord and owner. Moreover, Plaintiff categorically denies any lease with Ron L. Barber nor did Defendant at any time pay or agree to pay any monies to Ron L. Barber. Simply put, Plaintiff's claim of monies owed to him is illusory and must fail.

- 9 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

1  Darryl Carter
   207 Alaska Ave #1
2  Fairfield, CA, 94533-7400
   707-471-8284
3

4

5

6  Darryl Carter, IN PRO PER

7

8

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      FOR THE COUNTY OF SOLANO

13

14

15

16  Ron L. Barber,                    )  Case No.: FCM141292
                                      )  Assigned to:
17              Plaintiff,            )
                                      )  LIMITED JURISDICTION
18      vs.                           )
                                      )  [PROPOSED] ORDER SUSTAINING
19  Darryl Carter,                    )  DEMURRER
                                      )
20              Defendant             )  Complaint filed: 05/13/14
                                      )
21                                    )  Hearing Date:
                                      )  Hearing Time:
22  _____)  Hearing Department:

23

24  The Demurrer by Defendant Darryl Carter to Plaintiff Ron L. Barber's Complaint, came on regularly

25  noticed hearing on _____ in Department

26

27  _____

28                              - 10 -

                NOTICE OF HEARING AND DEMURRER TO COMPLAINT

1    ____ of this Court. Said Defendant appeared in Pro Per, Plaintiff Ron L. Barber ☐ appeared in pro

2    per ☒ appeared by counsel Terry A. Duree ☐ did not appear.

3

4

5            The facts and evidence satisfy the Court that the demurrer ought to be sustained,

6            **IT IS ORDERED** that the demurrer is SUSTAINED in its entirety ☐ with

7

8    ☐ without leave to amend.

9

10   IT IS SO ORDERED.

11

12   Dated: _____

13

14

15

16

17                                                    _____

18                                                    Superior Court Judge

19

20

21

22

23

24

25

26

27   _____

28
                                          - 11 -

                 NOTICE OF HEARING AND DEMURRER TO COMPLAINT

Darryl Carter
207 Alaska Ave #1
Fairfield, CA, 94533-7400
707-471-8284

Darryl Carter, IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SOLANO

| | |
|---|---|
| Ron L. Barber,<br><br>                Plaintiff,<br><br>     vs.<br><br>Darryl Carter,<br><br>              Defendant | ) Case No.: FCM141292<br>)<br>) LIMITED JURISDICTION<br>)<br>)<br>) REQUEST FOR JUDICIAL NOTICE IN<br>) SUPPORT OF DEFENDANT'S<br>) DEMURRERS<br>)<br>)<br>) Complaint filed: 05/13/14<br>)<br>) Hearing Date:<br>) Hearing Time:<br>) Hearing Department: |

- 1 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

# REQUEST FOR JUDICIAL NOTICE

Pursuant California Evidence Code sections 451, 452, and 453, California Rule of Court 3.1306(c), and supporting, herein attached, declaration, Defendant requests that the Court take judicial notice of certain documents and facts. These documents are cited in (1) the Demurrer to Plaintiff's Complaint; and (2) the Motion to Quash Summons. The subject documents have been filed with this Court [small claims division], and with the United States Bankruptcy Court Eastern Division.

## 1. THE COURT MAY TAKE JUDICIAL NOTICE OF JUDGMENTS, FEDERAL LAW, AND FACTS.

Per Evid. Code § 451(a), The Court shall take notice of the following: "(a) The decisional, constitutional, and public statutory law of this state and of the United States and the provisions of any charter described in Section 3, 4, or 5 of Article XI of the California Constitution."

The Court may take judicial notice of the content of "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." Evid. Code § 452(d). California courts routinely take judicial notice of court proceedings. _People v. Moreno, 108 Cal. App. 4th 1, 4 n.4 (2003)_ (taking judicial notice of record in prior appeal).

Lastly, the Court may take judicial notice of facts per Evid. Code § 452(h), as such Defendant requests judicial notice of the following documents:

1. Minute Order, _Carter v. Loyd D Gularte Inc. et. al._, Case No. FSC059434 (Cal. Super. Ct., Solano County) (Minute Order, Ex. A);

- 2 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

2. Notice of Entry of Judgment against Katherine Ocenasek and, Loyd D Gularte Inc., in favor of Darryl Carter filed December 20, 2013, *Carter v. Loyd D Gularte Inc. et. al.*, Case No. FSC059434 (Cal. Super. Ct., Solano County) (Judgment, Ex. B); and

3. Notice of Hearing on Motion to Confirm 1st Modified Chapter 13 Plan, filed April 22, 2014, *In Re Darryl C. Carter*, Case No. 13-34802-B-13J (United States Bankruptcy Court of California, Eastern Division) (Plan Confirmation, Ex. C).

4. Trial de novo was heard per Case No. FCS042911 on April 21, 2014 as to original matter, *Carter v. Loyd D Gularte Inc. et. al.*, Case No. FSC059434 (Cal. Super. Ct., Solano County).

5. Plaintiff in the trial de novo, along with his testimony, presented witness testimony of: (1) Darrell Mouton, and (2) Leejanay Singleton.

6. Defendant Ocenasek appeared in the trial de novo and did not present any witness testimony, aside from her own. Defendant Ocenasek was represented by counsel.

7. The small claims appeal i.e. trial de novo is pending as of the date this paper is filed with the Court.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's request for judicial notice.

Dated: May 14, 2014

- 3 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

1

2      Darryl Carter
       In Pro Per
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

## DECLARATION IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

I, DEFENDANT, declare as follows

1. I am a resident of the State of California.

2. I am over the age of 18 years old.

3. I have personal knowledge of the facts contained in this declaration.

4. A true and correct copy of the minute order per case FSC059434 is attached.

5. A notice of entry of judgment was entered on 12/20/2013 against Katherine Ocenasek and Loyd D. Gularte Inc. in which I am the judgment creditor.

6. Katherine Ocenasek is stated as the agent for Crown Realty Property Management in the lease attached to Plaintiff's COMPLAINT the subject of this instant action.

7. Katherine Ocenasek is the signer for Crown Realty Property Management in the lease attached to Plaintiff's COMPLAINT the subject of this instant action.

8. A trial de novo was held on 04/21/14 relative to the petition filed by Katherine Ocenasek.

9. Katherine Ocenasek appeared personally and was represented by counsel.

10. The only witness testimony presented by Katherine Ocenasek was her own.

11. I presented my testimony as a witness and the testimony of (a) Leejaynay Singleton who, at the time, was in the later stages of her pregnancy, and (b) Darrell Mouton. I also presented a trial brief and exhibits.

12. Katherine Ocenasek by and through her attorney chose not to examine either witness, specifically (a) Leejaynay Singleton, and (b) Darrell Mouton.

13. Following trial de novo and on the same day 04/21/14 a minute order was entered/docketed at approximately 4:00 p.m.

- 5 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

14. I contacted the civil court clerk on at least two (2) occasions in an attempt to retrieve a copy of the minute order of the trial de novo case FCS042911and instead was advised the entire file was in chambers and therefore unavailable.

15. The minute order, for a small claims action, generally reflects the appearing parties, counsel, witness appearances, the disposition of trial minutes, and the disposition of materials presented in Court.

16. Since the trial de novo case FCS042911 minute order is unavailable I have presented facts, herein, which normally would be in the minute order thereby enabling attachment hereto. Moreover, as of the date of this declaration the file remains in chambers and therefore unavailable to attach hereto.

17. I received the notice of hearing on motion to confirm the 1st modified Chapter 13 plan, from my attorney, which is dated 04/22/14 as lodged with United States Bankruptcy Court in California, Eastern Division.

18. In the Chapter 13 petition, lodged with the United States Bankruptcy Court in California, Eastern Division, Loyd D. Gularte Inc. is identified as a debtor asset for the estate pending the outcome of the small claims civil matter, as mentioned above, and decided on 12/20/2013.

19. The exact amount of the debtor's asset claim with respect to Loyd D. Gularte Inc. was unknown and as such my attorney advised that the stated amount reflects only what a broker would pay for the claim at that time. Moreover, such is specifically listed alongside the Loyd D. Gularte Inc. asset in the Chapter 13 petition.

- 6 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

1        If called as a witness I could and would testify to all of the foregoing of my personal

2   knowledge.

3        I declare under the penalty of perjury under the laws of the State of California that the

4   foregoing is true and correct and that this declaration was executed on May 14, 2014 at Fairfield,

5   California.

Darryl Carter
In Pro Per

- 7 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
## (Minute Order)

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO

| | |
|---|---|
| Case No. | FSC059434 |

Plaintiff(s): **DARRYL CARTER**

Date: **18-DEC-2013**

vs

Judge/Pro Tem: **WILLIAM J PENDERGAST**
Recorder: **1:36:00**

Defendant(s): LOYD D. GULARTE

Clerk: **VIRGINIA J SMITH**

☐ Parties orally advised of rights to have matter heard by a duly elected or appointed judicial officer of the court by Judge Pro Tem.
☐ Parties stipulate.          ☐ Plaintiff does not stipulate          ☐ Defendant does not stipulate

---

**Plaintiff:** ☒ sworn & testified.  ☐ No appearance          **Defendant:** ☒ sworn & testified.  ☐ No appearance

☒ Witness(es): *Darryl Carter*          ☒ Witness(es): *Catherine Ocenasek*

☒ Exhibits: **may be destroyed after Judgment**          ☒ Exhibits: **may be destroyed after Judgment**

Exhibits ☐ released to parties in open court ☐ to be **returned** after Court's decision ☒ **retained** with file.

| CONTINUED / OFF CALENDAR: | MOTION HEARING: |
|---|---|

☐ Granted.          ☐ Denied.

☐ Continued ☐ Off calendar; request of ☐ Pltf ☐ Dft ☐
Crt to _____ at _____ Dept. _____ for _____

☐ Monies under levy ordered released to judgment creditor *to apply towards payment of judgment.*

☐ Parties ☐ Plaintiff ☐ Defendant will be notified by mail of new court date.

☐ Monies ordered released to judgment debtor.

☐

☐ No proof of service.  ☐ Send notice.

☐ _____

---

## TRIAL MINUTES

☐ Case dismissed ☐ with ☐ without prejudice.          ☒ Case taken under submission.
☐ Agreement to settle case recited on the record and approved by the court.

Ordered on plaintiff's claim:          Ordered on defendant's claim

☐ Judgment for plaintiff against defendant.          ☐ Judgment for defendant against plaintiff.

Principal:  $_____          Principal:  $_____

Costs:  $_____          Costs:  $_____

TOTAL:  $_____          TOTAL:  $_____

☐ Judgment for defendant.          ☐ Judgment for plaintiff.  ☐ by default
  ☐ Contract / check canceled.
Judgment payable in payments of $_____ per month commencing _____

Other: _____

---

## ORDER OF EXAMINATION

☐ Judgment debtor sworn: _____.
☐ Order discharged.

☐ $_____ bail posted is ordered released to the plaintiff to apply towards judgment.

☐ $_____ bail posted is ordered released to the depositor.

---

## WARRANT ORDERS

☐ Bench warrant to issue for _____.

☐ Bail set at $_____.

Bench warrant ☐ recalled ☐ filed ☐ set aside.

---

## SMALL CLAIMS MINUTES

Form #7030 Rev. 7/2011

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>EXHIBIT B</u>**
## (Judgment)

- 9 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

SC-130

Name and Address of Court

600 Union Avenue
Fairfield, CA 94533

SMALL CLAIMS CASE NO.: **FSC059434**

**NOTICE TO ALL PLAINTIFFS AND DEFENDANTS:**
Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights.

*AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:*
Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos.

PLAINTIFF/DEMANDANTE *(Name, street address, and telephone number of each)*

Darryl Carter
207 Alaska Ave #1
Fairfield, CA 94533

Telephone No

DEFENDANT/DEMANDADO *(Name, street address and telephone number of each)*

Loyd D. Gularte, Inc.
DBA Crown Realty Property Mgmt

Telephone No.:

1601 Lincoln Ave.
Napa, CA 94558

Telephone No

Telephone No

[✓] See attached sheet for additional plaintiffs and defendants.

**NOTICE OF ENTRY OF JUDGMENT**

Judgment was entered as checked below on *(date):* 8-8-13

1. [✓] Defendant *(name, if more than one):* Loyd D. Gularte, Inc. & Katherine Ocenasek
   shall pay plaintiff *(name, if more than one):* Darryl Carter
   $ 5297.08 · principal and: $ 315.00 · costs on plaintiffs claim.

2. [ ] Defendant does not owe plaintiff any money on plaintiff's claim.

3. [ ] Plaintiff *(name, if more than one):*
   shall pay defendant *(name, if more than one):*
   $ · principal and $ · costs on defendant's claim.

4. [ ] Plaintiff does not owe defendant any money on defendants claim.

5. [ ] Possession of the following property is awarded to plaintiff *(describe property):*

6. [ ] Payments are to be made at the rate of: $ per *(specify period):* , beginning on *(date):*
   and on the *(specify day):* day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.

7. [ ] Dismissed in court [ ] with prejudice. [ ] without prejudice.

8. [ ] Attorney-Client Fee Dispute *(Attachment to Notice of Entry of Judgment)* (form SC-132) is attached.

9. [ ] Other *(specify):*

10. [ ] This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid. the judgment creditor may apply to have the judgment debtor's drivers license suspended.

11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

12. [ ] This notice was personally delivered to *(insert name and date):*

13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This *Notice of Entry of Judgment* was mailed first class. postage prepaid. in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: Fairfield . California

Date of mailing: 12/20/13

Clerk. by _____ M. FLEMING _____ . Deputy

The county provides small claims advisor services free of charge. Read the information sheet on the reverse.

Page 1 of 2

Form Adopted for Alternative Mandatory Use
Judicial Council of California
SC-130 [Rev July 1. 2010]

**NOTICE OF ENTRY OF JUDGMENT**
(Small Claims)

Code of Civil Procedure. § 116 610
www.courtinfo.ca.gov

**SC-130**

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor**. The person (or business) who lost the case and who owes the money is called the **judgment debtor**.

Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is FINAL. You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   **a. PAY THE JUDGMENT**
   The law requires you to pay the amount of the *judgment*. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford.
   Ask the clerk for information about these procedures.

   **b. APPEAL**
   If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 days after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   **c. VACATE OR CANCEL THE JUDGMENT**
   If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have *10 days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

2. If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   **a. COLLECTING FEES AND INTEREST**
   Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs.*

**b. VOLUNTARY PAYMENT**
Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

**c. STATEMENT OF ASSETS**
If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

**d. ORDER OF EXAMINATION**
You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtors financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

**e. WRIT OF EXECUTION**
After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* (form EJ-130) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

**f. ABSTRACT OF JUDGMENT**
The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment*

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment* has been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.: **FSC059434**

ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT *(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**

I am the [ ] judgment creditor [ ] assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date:

▶

(TYPE OR PRINT NAME)            (SIGNATURE,

## CERTIFICATE OF MAILING

I, the undersigned, certify under penalty of perjury that I am a deputy clerk of the above-entitled court and not a party to the within action; that I am familiar with the County of Solano's procedure for collection and processing of correspondence for mailing with the United States Postal Service. This document will be deposited with the United States Postal Service on the same day as the execution of this document in the mailing on the same day as the execution of this document at the address given for deposit in the United States Postal Service and following ordinary business practices. Said envelopes were addressed to the attorneys for the parties, or the parties, as shown below:

In addition to the parties listed on the Notice of Entry of Judgment

Katherine Ocenasek
Crown Realty Property Mgmt
102 Browns Valley Pkwy
Vacaville, CA 95688

Date of Mailing:   12/20/13
Place of Mailing:  Fairfield, CA

Declarant:_____M. FLEMING_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT C**
## (Plan Confirmation)

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Richard Jare, (SBN 109331)
6440 Carolinda Drive
Granite Bay, CA 95746
Meetings Only at 455 Capitol Mall, S. 330A
         Sacramento, CA 95814
         Do not send any Postal mail to the
         Capitol Mall Address
Fax number:     (916) 676-0511
Phone:    (916) 409-6600
Attorney for Debtor (s)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re                              ) Case No. 13-34802-B-13J
                                   )
Daryl C. Carter,                   )    D.C. No. RJ-002
                                   )
                                   )    Notice of Hearing on
                                   )    Motion to Confirm  1st
                                   )    Modified Chapter 13 Plan
                                   )
                                   )    Date: June 17, 2014
                                   )    Time: 9:32 AM
                                   )    Place: Dept. "B", Ctrm 32
                                   )        501 I Street, 6th Flr
                                   )        Sacramento, CA

_____Debtor_____

    NOTICE IS HEREBY GIVEN that a hearing has been scheduled for

the Confirmation of Debtor's 1st Modified Chapter 13 Plan, served

herewith. This hearing shall be held on June 17, 2014 at the hour

of  9:32 a.m., or as soon thereafter as the matter may be heard.

The hearing shall take place in Courtroom "32", of the United

States Bankruptcy Court for the Eastern District of California,

Sacramento Division.  Judge Thomas C. Holman's court is on the

6th Floor of the Courthouse located at 501 "I" Street,

Sacramento, CA.

    Pursuant to the Federal Rules of Bankruptcy Procedure, an

objection to Confirmation is governed by Rule 3015(b, Rule

3020(b) and Rule 9014. Pursuant to LBR 9014-1(f)(1)(ii),

opposition, if any, to the granting of the motion shall be in

writing and shall be served and filed with the Court by the

responding party at least fourteen (14) calendar days preceding

the date or continued date of the hearing. Opposition shall be

accompanied by evidence establishing its factual allegations.

Without good cause, no party shall be heard in opposition to a

motion at oral argument if written opposition to the motion has

not been timely filed. Failure of the responding party to timely

file written opposition may be deemed a waiver of any opposition

to the granting of the motion or may result in the imposition of

sanctions (or late opposition may be stricken).

　　　　　Opposition must be served and filed, the deadline for

filing and serving it is June 3, 2014 , and the names and

addresses of persons who must be served with any opposition are:

Chapter 13 Trustee　　　　　U.S. Trustee
Jan P. Johnson, Esq.　　　　501 I Street, Suite 7-500
PO Box 1708　　　　　　　　　Sacramento, Ca 95814
Sacramento, CA　95812


　　　　　　　　　　　　　　　/s/ Richard Jare

　　April 22, 2014 _____

　　　　　　　　　　　Richard Jare, (SBN 109331)

　　　　　　　　　　　Attorney for Debtor

Page 2 of 2

Richard Jare, (SBN 109331)
6440 Carolinda Drive
Granite Bay, CA 95746
Meetings Only at 455 Capitol Mall, S. 330A
Sacramento, CA 95814
Do not send any Postal mail to the
Capitol Mall Address
Fax number:     (916) 676-0511
Phone:    (916) 409-6600
Attorney for Debtor (s))

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re                            )        Case No. 13-34802-B-13J
                                 )           D.C. No. RJ-002
Daryl C. Carter,                 )
                                 )           Motion to Confirm
                                 )        1st Modified Chapter 13
                                 )              Plan
                                 )
                                 )        Date: June 17, 2014
                                 )        Time: 9:32 AM
                                 )        Place: Dept. "B", Ctrm 32
                                 )               501 I Street, 6th Flr
_____Debtor(s)____      )        Sacramento, CA


　　　Debtor herein, moves the court herein to Confirm his 1st

Modified Chapter 13 Plan, filed on April 22, 2014.  The plan is

a preconfirmation amendment.

　　　This motion is made on the ground that:

　　　A.   The Plan is proposed in good faith.

　　　B.   The plan complies with 11 U.S.C. §1322.

　　　C.   The declaration of the debtor in support of the motion

will constitute the evidence in support of this motion.

　　　1. The Debtor proposes the 1st Modified plan filed herewith.

　　　2. The debtor explains in his declaration that he can make

the $350 monthly payments under the plan.

　　　3. The financial situation is being stabilized by the 1st

**Page -1-**

Modified Plan.

    4. The debtor sought bankruptcy relief on November 20, 2013, under Chapter 13 rather than Under Chapter 7 in order to reduce his monthly payments.

    5. He is still unemployed. The budget at the inception of the case will remain the budget for the forseeable future as soon as the anticipated federal Unemployment benefits are authorized by legislation.

    6. The 1st Modified Chapter 13 Plan complies with applicable law, including the provisions of Chapter 13 and other relevant provisions of the Bankruptcy Code. In particular, the proposed plan pays 0.0% to the unsecured creditors. The liquidation test allows a plan which pays nothing to the unsecured creditors. The best efforts test allows a plan which pays nothing to the unsecured creditors. The Means test allows a plan which pays nothing to unsecured creditors.

    7. Any filing fees or charges required by the Court have been paid.

    8. He will comply with the plan and soon he will be able to remit the payments specified by the plan. He is paying all of his disposable income to the trustee for the benefit of the creditors. Secondly, the $350 payment, is also the most that he will be able to pay. Therefore the plan is his best effort.

    9. Unsecured creditors will receive at least what they would receive in the event of a Chapter 7 liquidation. The proposed dividend is 0%. All of the assets are exempt. Schedules B and C filed at the inception of the case correctly portray the liquidation scenario. Schedule C filed exempts all unencumbered property, fully. Upon liquidation of the estate under a Chapter

7 scenario, the Chapter 7 trustee would not find any unexempt property.

10. All secured creditors provided for have either accepted the plan, or the plan proposes a surrender of the property securing their claims, or the plan provides to pay the creditors pursuant to section 1325(a)(5)(B). The only secured creditor is in Class 2 of the plan, GM-Americredit.

11. He will be able to make the payments under the plan and comply with the plan.

12. He has no domestic support obligations .

13. He has filed all applicable tax returns that have become due for the last 4 years.

14. Other than as described above, Schedules I and J filed at the inception of the case are still valid.

Wherefore, Debtor prays that the motion be granted and the plan be confirmed.

Respectfully submitted.

/s/ Richard Jare

April 22, 2014 _____

Richard Jare, (SBN 109331)
Attorney for Debtor

# EXHIBIT B
## (Defendant Personally Served 05/16/14)

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

| ATTORNEY (Name and Address): SBN: | FOR COURT USE ONLY |
|---|---|
| **Darryl Carter**<br>**207 Alaska Ave., 1**<br>**Fairfield, CA 94533**<br><br>E-MAIL:<br>ATTORNEY FOR: **in propria persona** | |

NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:
**Solano County Superior Court**
**600 Union Avenue**
**Fairfield, CA 94533**
**Fairfield**

| PLAINTIFF:<br>Ron L. Barber et al.,<br>DEFENDANT:<br>**Darryl Carter** | COURT CASE NO.:<br><br>**FCM141292** |
|---|---|
| ### Proof of Service - Summons | LEVYING OFFICER FILE NO.:<br><br>**2014002522** |

1. At the time of the service I was at least 18 years of age and not a party to this action.

2. I served copies of the:

    f. other (specify documents): **NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS**

3. a. Party served: **Terry A. Duree**

    b. Person (other than the party in item 3a) served on behalf of the entity or as an authorized agent (and not a person under item 5b on whom substituted service was made): **Melissa Konguongsay - Secretary (Agent for Service)**

4. Address where party was served: **622 Jackson St., Attorney for Plaintiff**
                                                  **Fairfield, CA 94533**

5. I served the party:

    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of the process for the party (1) on: 05/16/2014 (2) at: 09:00 AM.

7. Person who served papers:

    a. Name: **Christine Castillo, Deputy 1L35**

    b. Address: **Solano County Sheriff's Civil Division 530 Union Ave., Suite 100 Fairfield, CA 94533**

    c. Telephone Number: **(707) 784-7020**

    d. The fee for service was: **$35.00 (Waived)**

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Monday, May 19, 2014

Hearing: **05/22/2014 02:00 PM in Dept/Div: 26**

                                                  Sheriff's Authorized Agent
                                                  Thomas A. Ferrara, Sheriff/Coroner

Remarks

Judicial Council form POS-010    **Attorney/Plaintiff**    0/169074

| ATTORNEY (Name and Address):                          SBN: | FOR COURT USE ONLY |
|---|---|
| **Darryl Carter**<br>**207 Alaska Ave., 1**<br>**Fairfield, CA 94533**<br><br>E-MAIL:<br>ATTORNEY FOR: **in propria persona** | |

NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:

**Solano County Superior Court**
**600 Union Avenue**
**Fairfield, CA 94533**
**Fairfield**

| PLAINTIFF:<br>  **Ron L. Barber et al.,** | COURT CASE NO.:<br><br>**FCM141292** |
|---|---|
| DEFENDANT:<br>  **Darryl Carter** | |
| <h2>Proof of Service</h2> | LEVYING OFFICER FILE NO.:<br><br>**2014002522** |

1. At the time of the service I was at least 18 years of age and not a party to this action.

2. I served copies of the:
   f. other (specify documents):  **NOTICE OF HEARING AND DEMURRER TO COMPLAINT, DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

3. a. Party served:     **Terry A. Duree**
   b. Person (other than the party in item 3a) served on behalf of the entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):  **Melissa Konguongsay - Secretary (Agent for Service)**

4. Address where party was served:     **622 Jackson St., Attorney for Plaintiff**
   **Fairfield, CA 94533**

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of the process for the party (1) on: 05/16/2014 (2) at: 09:00 AM.

7. Person who served papers:
   a. Name:   **Christine Castillo, Deputy 1L35**
   b. Address:  **Solano County Sheriff's Civil Division 530 Union Ave., Suite 100   Fairfield, CA 94533**
   c. Telephone Number:   **(707) 784-7020**
   d. The fee for service was: **$35.00 (Waived)**

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Monday, May 19, 2014

Hearing:  **05/22/2014 02:00 PM in Dept/Div: 26**

Sheriff's Authorized Agent
Thomas A. Ferrara, Sheriff/Coroner

Remarks

Judicial Council form POS-010                    **Attorney/Plaintiff**                    0/169075

# EXHIBIT C
## (Motion Quash Demurrer 05/21/14)

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

Darryl Carter
207 Alaska Ave #1
Fairfield, CA, 94533-7400
707-471-8284

ENDORSED FILED
SOLANO SUPERIOR COURT

14 MAY 21 AM 9: 01

D. MCESSY

BY _____
DEPUTY CLERK

Darryl Carter, SPECIALLY APPEARING IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SOLANO

| | |
|---|---|
| Ron L. Barber et al., | Case No.: FCM141292 |
|      Plaintiff, | LIMITED JURISDICTION |
| vs. | NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES |
| Darryl Carter, | |
|      Defendant | |
| | Complaint filed: 05/13/14 |
| | Hearing Date: 5-27-14 |
| | Hearing Time: 8:30am |
| | Hearing Department: D-26 |

- 1 -

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

TO THE COURT, ALL INTERESTED PARTIES HEREIN, AND THEIR ATTORNEYS
OF RECORD:

**PLEASE TAKE NOTICE THAT** a hearing will be held on _5-27-14_ at
_8:30am_, or as soon thereafter as the matter can be heard, in Department _26_ of the above-
entitled Court, located at 600 Union Ave, Fairfield, California 94533, the Defendant ("CARTER"),
specially appearing, will move the Court for an order quashing Plaintiff's purported service of
summons and complaint on Defendant.

The basis for this motion, *inter alia*, CCP 418.10 on the grounds that the summons and
complaint were not properly served on Defendant as strictly construed by statute. Specifically,
CARTER was not personally served with the summons and complaint.

This is the second filing of its kind with the first being filed on 05/15/14 whereas a hearing
has been set for 05/22/14 at 2:00 p.m. regarding that matter. In that matter, the summons and
complaint were left dangling from the front screen door. Moreover, Defendant took pictures showing
the complaint and summons dangling from the front screen door on 05/14/14. Plaintiff did not obtain
an order from the Court for this type of substitute service. Therefore service of process was not
perfected and that action to quash service of the summons and complaint is appropriate.

Now prior to that matter being heard, Plaintiff is an apparent attempt to deceive or other fraud
upon the Court has improperly posted a second COMPLAINT which Plaintiff noticed on 05/20/14.
Plaintiff did not personally serve Defendant nor did Plaintiff, even, attempt to do so. Notwithstanding
the same, Plaintiff continues improprieties with this second improper "Post and mail" (a) without
attempting personal service beforehand and (b) without and Order from the Court to do so. In the
event Plaintiff did receive an Order of the Court to do so such is (a) prejudicial to the Plaintiff, (b)

- 2 -

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

contrary to precedence, and (c) raises serious questions and issues of fraud upon the Court. Such an Order for "Post and mail" service, if in fact, Ordered raises fraud upon the Court given the existence of an outstanding matter with respect to Plaintiff's first SUMMONS and COMPLAINT. For Plaintiff to obtain such an Order before ruling on the first matter, such would likely have involved (a) some improper and prejudicial ex parte matter, (b) the filing of some false or otherwise fraudulent paper i.e. affidavit of service or (c) some other scandalous matter any one of which would be highly prejudicial and perversely unethical.

Where issues of subject matter jurisdiction are implicated, such is generally addressed by a simultaneous demurrer filing. Thus, Defendant raises subject matter jurisdiction in a separate and simultaneous paper filed along with this instant motion. Moreover, it is long settled that the simultaneous filing of the two papers does not implicate general jurisdiction.

DATED: May 21, 2014

Darryl Carter
Specially Appearing In Pro Per

- 3 -

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................ 4

TABLE OF AUTHORITIES ................................................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 6

   1.   SERVICE OF THE SUMMONS IS DEFECTIVE AND SHOULD BE QUASHED ............... 6

   2.   PLAINTIFF CANNOT MEET HIS BURDEN OF SHOWING SERVICE OF PROCESS

WAS PERFECTED AS STATUTORILY AUTHORIZED. ............................................... 8

CONCLUSION ....................................................................................................... 10

DECLARATION IN SUPPORT OF MOTION TO QUASH SUMMONS ....................................... 11

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

# TABLE OF AUTHORITIES

**Cases**

*Bolkiah v. Superior Court (1999) 74 Cal.App.4th 984, 991* ......................... 8

*Ellard v. Conway (2001) 94 Cal. App. 4th 540, 544* .............................. 6

*Renoir v. Redstar Corp (2004) 123 Cal. App. 4th 1145, 1150* .................... 6

*Schering Corp. v. Super.Ct. (Ingraham) (1975) 52 Cal. App. 3d 737, 741* ......... 8

*Taylor-Rush v. Multitech Corp. (1990) 217 Cal.App.3d 103, 111* ................. 9

**Statutes**

*CCP § 1166 (a)(1)* ............................................................. 9

*CCP § 415.10* ................................................................. 6

*CCP § 415.45* ................................................................. 7

*CCP § 418.10* ................................................................. 6

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. SERVICE OF THE SUMMONS IS DEFECTIVE AND SHOULD BE QUASHED

An action for unlawful detainer is authorized by statute and well understood to be summary in nature. Given the accelerated nature of unlawful detainer actions, "[F]ulfilling the statutory requirements of service of process – i.e. service of summons is necessary to obtain personal jurisdiction over a party." *Renoir v. Redstar Corp (2004) 123 Cal. App. 4th 1145, 1150.* Indeed, proper service of process in not a mere technicality but rather, "Compliance with the statutory procedures for service of process is essential to establish personal jurisdiction." *Ellard v. Conway (2001) 94 Cal. App. 4th 540, 544.*

Debate as to the proper procedures would be fruitless given we need not look further than the statute itself. Specifically, CCP § 415.10 states in pertinent part, "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."

Where a Plaintiff has not complied with CCP § 415.10, "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes:  (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her." *CCP § 418.10.*

On the face of the summons, Defendant was not personally served. Additionally and specifically, the first page of the first COMPLAINT showed a blank "Date of Service" box. Plaintiff in this second COMPLAINT omits one or more pages from the original COMPLAINT. Defendant noticed the Plaintiff's second COMPLAINT, again, improperly posted on 05/20/14 (a) without attempting service of process personally or (b) receiving an Order from the Court for this type of "Post and mail"

- 6 -

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

service. Moreover, no such mailing of the Complaint has ever been received. Therefore, service of

process was not perfected.

Statute does authorize alternate forms of service of process as explicitly enumerated and

accordance to strict procedural compliance. Specially, CCP § 415.45 states, "(a) A summons in an

action for unlawful detainer of real property may be served by posting if upon affidavit it appears to

the satisfaction of the court in which the action is pending that the party to be served cannot with

reasonable diligence be served in any manner specified in this article other than publication and that:

(1) A cause of action exists against the party upon whom service is to be made or he is a necessary or

proper party to the action; or (2) The party to be served has or claims an interest in real property in

this state that is subject to the jurisdiction of the court or the relief demanded in the action consists

wholly or in part in excluding such party from any interest in such property. (b) The court shall order

the summons to be posted on the premises in a manner most likely to give actual notice to the party to

be served and direct that a copy of the summons and of the complaint be forthwith mailed by certified

mail to such party at his last known address. (c) Service of summons in this manner is deemed

complete on the 10th day after posting and mailing. (d) Notwithstanding an order for posting of the

summons, a summons may be served in any other manner authorized by this article, except

publication, in which event such service shall supersede any posted summons."

Plaintiff did not request, nor did Plaintiff obtain an Order from this Court for posting of the

summons and complaint, and as such service of process is defective and the summons must be

quashed, irrespective of whether or not the Defendant is in possession of the summons and complaint.

Additionally, the second version of the COMPLAINT shows a filing date of 05/13/14 yet omits one

or more pages. Defendant noticed this version of the COMPLAINT, again, improperly posted on,

05/20/14. Plaintiff cannot and will not show precedence authorizing "Post and mail" alternative

– 7 –

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

service of process (a) under these circumstances i.e. defective personal service lending to "Post and mail" service (b) without a hearing on the original outstanding matter, and (c) *without a Court Order.* If such were the case, the definition and purpose the California Legislature set forth with respect to personal service is without meaning or purpose if a Plaintiff can obtain a "Post and mail" alternative form of service (a) while an existing matter is outstanding with respect to the first Motion to Quash or otherwise (b) attempt to "fix" intentional service of process defects before the relevant hearing. Moreover, in the event an Order for this type of "Post and mail" service was issued, before hearing the outstanding matter, such likely involved fraud upon the Court such as (a) some improper and prejudicial ex parte matter, (b) the filing of some false or otherwise fraudulent paper i.e. affidavit of service or (c) some other scandalous matter any one of which would be highly prejudicial and perversely unethical. Not to mention the docket report is hidden for this matter further lending to such matters.

Regarding statutory requirements, they are just that – requirements -- and such has routinely been viewed as a small tradeoff for the summary accelerated nature of unlawful detainer actions. Once more, a motion to quash will lie if process was not served in a statutorily-authorized manner. *Schering Corp. v. Super.Ct. (Ingraham) (1975) 52 Cal. App. 3d 737, 741*.

## 2. PLAINTIFF CANNOT MEET HIS BURDEN OF SHOWING SERVICE OF PROCESS WAS PERFECTED AS STATUTORILY AUTHORIZED.

It is settled that once a Defendant moves to quash service that the Plaintiff has the burden of showing that service was, in fact, valid as authorized by law. Plaintiff must meet such burden by a preponderance of the evidence showing statutorily authorized service to assert personal jurisdiction over the Defendant. *Bolkiah v. Superior Court (1999) 74 Cal.App.4th 984, 991*. Furthermore, the

- 8 -

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

1   COMPLAINT contains a page identified as "VERIFICATION," per the heading, yet the page does

2   not identify the person making the verification, instead the "VERIFICATION" page merely shows an

3   illegible signature but does not print or otherwise identify the person making the verification.

4   Verification is an essential element as the relevant statute requires verification. Absent such

5   verification, the Court is without jurisdiction to act, given it is a verified COMPLAINT, for this type

6   of action that authorizes and gives rise to a summons. See *CCP § 1166 (a)(1).*

7

8        Plaintiff cannot and will not show that (a) Defendant was personally served nor can (2)

9   Plaintiff show that he obtained an Order for the "Post and mail" alternative form of service [without

10  raising issues of fraud upon the Court as set forth ante].

11

12       Lastly, the Defendant is under no duty, whatsoever, to respond to defective service of process

13  and may stand mute until the Plaintiff makes a showing of the validity of the service to the

14  satisfaction of the Court. *Taylor-Rush v. Multitech Corp. (1990) 217 Cal.App.3d 103, 111.*

---

- 9 –

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

1

## **CONCLUSION**

2

3     Based on foregoing, Defendant's Motion to Quash Service of the Summons should be

4     granted.

5

6

7

8

9

10   Dated: May 21, 2014

11

12

13

14                                                    

15                                                    _____
                                                     Darryl Carter
16                                                   Specially Appearing, In Pro Per

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

# <u>DECLARATION IN SUPPORT OF MOTION TO QUASH SUMMONS</u>

I, DEFENDANT, declare as follows

1. I am a resident of the State of California.

2. I am over the age of 18 years old.

3. I have personal knowledge of the facts contained in this declaration.

4. I noticed Plaintiff's first Complaint dangling from the screen door on 05/14/14 just one day after the ubiquitous Complaint file date of 05/13/14.

5. I filed a simultaneous Motion to Quash Summons and Demurrer on 05/15/14 with respect to Plaintiff's first Complaint and improper service of process of that Complaint.

6. A hearing has been set for that matter on 05/22/14 at 2:00 p.m. Department 26.

7. I noticed a second Complaint improperly posted on 05/20/14 at approximately 9:05 p.m.

8. I did not see, witness or hear anyone attempting service of process at any time on 05/20/14 before noticing the improper posting of this second Complaint. Moreover, there is already a hearing set for the original matter i.e. first Complaint.

9. I did not notice the second Complaint at any time before 05/20/14.

10. The second improper posting of the Complaint and summons is missing at least one page from the first improper posting of the COMPLAINT.

11. The docket for this matter is hidden. As such is the case, it is my understanding that there are but two ways to ascertain case status (a) receive snail mail from the Court, or (b) call the Court clerk for information.

12. The clerk's office is only open until 2:00 p.m., the apparent result of budget cuts and attempts to reign in budget deficits. With the limited Court clerk staff, hours and availability to answer

---

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

calls and service walk in patrons, attempts to reach the Court clerk typically result in either (a) extended hold times or (b) dropping of calls.

13. As a result, I have limited ability to monitor any improprieties of the Plaintiff and/or his counsel which I believe is prejudicial especially given this type of action.

 

If called as a witness I could and would testify to all of the foregoing of my personal knowledge except to those matters upon information and belief.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 21, 2014 at Fairfield, California.

Darryl Carter
In Pro Per

NOTICE OF SECOND MOTION AND MOTION TO QUASH SERVICE OF SUMMONS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SOLANO

| | |
|---|---|
| Ron L. Barber et al., | ) Case No.: FCM141292 |
| | ) Assigned to: |
| Plaintiff, | ) |
| | ) LIMITED JURISDICTION |
| vs. | ) |
| | ) [PROPOSED] ORDER SUSTAINING |
| Darryl Carter, | ) MOTION TO QUASH SERVICE OF |
| | ) SUMMONS |
| Defendant | ) |
| | ) Complaint filed: 05/13/14 |
| | ) |
| | ) Hearing Date: |
| | ) Hearing Time: |
| | ) Hearing Department: |

The Motion to Quash Service by Defendant Darryl Carter to Plaintiff Ron L. Barber's et al.,

summons came on regularly noticed hearing on _____ in Department

_____ of this Court. Said Defendant specially appeared, in pro per. Plaintiff Ron L. Barber et al. ☐

appeared in pro per ☒ appeared by counsel Terry A. Duree ☐ did not appear.

The facts and evidence satisfy the Court that the Motion to Quash Service of the Summons

ought to be sustained,

**IT IS ORDERED** that the Motion to Quash Service of the Summons is SUSTAINED   •

with  • without leave to amend.

- 1—

ORDER QUASHING SERVICE OF SUMMONS

1  IT IS SO ORDERED.

2

3  Dated: _____

4

5

6

7

8                                                    _____

9                                                    Superior Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER QUASHING SERVICE OF SUMMONS

Darryl Carter
207 Alaska Ave #1
Fairfield, CA, 94533-7400
707-471-8284

Darryl Carter, IN PRO PER

FILED
SOL_____ _____ COURT

14 MAY 21  AM 9: 01

D. MCESSY

BY _____
        DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SOLANO

| | |
|---|---|
| Ron L. Barber et al., | ) Case No.: FCM141292 |
| | ) |
| Plaintiff, | ) LIMITED JURISDICTION |
| | ) |
| vs. | ) NOTICE OF HEARING AND DEMURRER |
| | ) TO COMPLAINT; MEMORANDM OF |
| | ) POINTS AND AUTHORITIES |
| Darryl Carter, | ) |
| | ) Filed concurrently with Request for Judicial |
| Defendant | ) Notice. |
| | ) |
| | ) Complaint filed: 05/13/14 |
| | ) |
| | ) Hearing Date: 5-27-14 |
| | ) Hearing Time: 8:30am |
| | ) Hearing Department: D-20 |

- 1 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

TO THE COURT, ALL INTERESTED PARTIES HEREIN, AND THEIR ATTORNEYS

OF RECORD:

**PLEASE TAKE NOTICE THAT** a hearing will be held on _5-27-14_ at

_8:30am_, or as soon thereafter as the matter can be heard, in Department _26_ of the above-

entitled Court, located at 600 Union Ave, Fairfield, California 94533, on the within Demurrer of

Defendant Darryl Carter (hereinafter the "CARTER") Complaint filed by Plaintiff Ron L. Barber.

Hereinafter "**CCP**" refers to the Code of Civil Procedure. The Demurrer will be based on this

Notice of Hearing, the accompanying Demurrer, and Memorandum of Points and Authorities, the

Request for Judicial Notice filed concurrently herewith, the proposed order filed herewith, and all

pleadings and papers on file in the above-captioned action.

Plaintiff filed his first COMPLAINT on 05/13/14 to which Defendant filed his first

DEMURRER on 05/15/15. A hearing has been set for 05/22/14 at 2:00 p.m. in Department 26 with

respect to that matter. Notwithstanding the same, now this second DEMURRER is filed as Defendant

noticed a second and improper "Post and mail" of the COMPLAINT on 05/20/14. The second

COMPLAINT as posted differs from the first COMPLAINT which was improperly posted on

05/14/14. Posting of a second COMPLAINT prior to a ruling on the outstanding matter with respect

to the first DEMURRER raises issues and questions of fraud upon the Court with respect to the

second COMPLAINT to which this DEMURRER is filed.


DATED: May 20, 2014

                                        _____
                                        Darryl Carter
                                        In Pro Per

- 2 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................ 3

DEMURRERS ........................................................................................... 4

TABLE OF AUTHORITIES ......................................................................... 6

MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 7

    1.    The First Cause of Action Fails to State a Cause of Action for Unlawful Detainer Because Entertainment of This Action Frustrates United States Code. ............................................................. 7

    2.    The Second Cause of Action Fails to State a Cause of Action for a Purported Balance Owed Plaintiff Because Entertainment of This Action Frustrates United States Code. ................................ 8

REQUEST FOR JUDICIAL NOTICE ............................................................ 2

    1.    THE COURT MAY TAKE JUDICIAL NOTICE OF JUDGMENTS, FEDERAL LAW, AND FACTS. .................................................................................................. 2

CONCLUSION ........................................................................................... 3

DECLARATION IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE ......... 5

- 3 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

# DEMURRERS

The definition(s) set forth ante in the Notice of Hearing are incorporated by reference as though fully set forth herein.

DEMURRING DEFENDANT CARTER, for himself, hereby sets forth demurs to the Complaint on the following grounds:

1. The first cause of action in the COMPLAINT as to unlawful detainer fails as such interferes with the Defendant's estate as per 11 U.S.C § 362, 365. *CCP § 430.10 (a)*.

2. To the extent the COMPLAINT identifies a second cause of action claiming $825 and any per day balance owed to the Plaintiff fails given the interference with the Defendant's estate as per 11 U.S.C § 362, 365. *CCP § 430.10 (a)*.

3. The first cause of action as to unlawful detainer fails. On the face of the COMPLAINT Plaintiff is not entitled to possession. The Complaint refers to a third party Ron L. Barber whereas the attached lease names Crown Realty Property Management as the landlord and owner. *CCP § 430.10 (e)*.

4. To the extent the COMPLAINT identifies a second cause of action claiming $825 owed to the Plaintiff such fails. On the face of the COMPLAINT, Plaintiff is not entitled to collect the purported balance of $825 and any per day balance as the attached lease states Crown Realty Property Management as the landlord and owner and the party to the attached lease. *CCP § 430.10 (e)*.

5. The attached lease is NOT a true and correct complete copy of the lease nor has Plaintiff so alleged. *CCP § 430.10 (e)*.

- 4 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

WHEREFORE, the DEMURRING DEFENDANT CARTER prays for judgment as follows:

1. That the Demurrer to the Complaint be sustained in its entirety without leave to amend;

2. That the Plaintiff take nothing by his Complaint;

3. For reasonable attorney fees and costs incurred herein; and

4. For such other relief that this Court deems necessary and proper.

DATED: May 20, 2014

Darryl Carter
In Pro Per

- 5 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1992)* ........................ 7, 9

*In re Fred Di Giorgio 134 F.3d 971 (C.A.9 (Cal.), 1998* ........................................................... 7, 8

*People v. Moreno, 108 Cal. App. 4th 1, 4 n.4 (2003)* ............................................................... 2

*U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986)* ................................. 7, 9

**Statutes**

*CCP § 430.10 (a)* ...................................................................................................................... 4

*CCP § 430.10 (e)* ...................................................................................................................... 4

*CCP § 430.10 (e).* ..................................................................................................................... 4

**California Evidence Code**

Evid. Code § 451(a) .................................................................................................................... 2

Evid. Code § 452(d) .................................................................................................................... 2

Evid. Code § 452(h) .................................................................................................................... 2

**California Rules of Court**

California Rule of Court 3.1306(c) .............................................................................................. 2

**United States Code**

11 U.S.C. § 362(a) ..................................................................................................................... 7, 8

11 U.S.C. § 365 (d) (1), (d) (2) ................................................................................................... 7, 8

11 U.S.C. 157 (b) (2) .................................................................................................................. 7, 8

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

**1. The First Cause of Action Fails to State a Cause of Action for Unlawful Detainer Because Entertainment of This Action Frustrates United States Code.**

Plaintiff Ron L. Barber and Crown Realty Property Management, in particular, Katherine Ocenasek are aware of the Defendant's bankruptcy petition. Notwithstanding the same, *Plaintiff* pursues this action in direct conflict with 11 U.S.C. § 362(a). See also 11 U.S.C. 157 (b) (2). Per the Ninth Circuit in *Di Giorgio*, "As debtors occupying rental property subject to a writ of possession, the Di Giorgios properly could challenge § 715.050, when they filed their bankruptcy petition." *In re Fred Di Giorgio 134 F.3d 971 (C.A.9 (Cal.), 1998.*

In this instant action, a writ of possession is not ripe; however, the current actions taken by Plaintiff which typically precede a writ of possession i.e. the Complaint, are likewise properly challenged and preempted per 11 U.S.C. § 362(a) and 11 U.S.C. § 365 (d) (1), (d) (2). To the extent a residential lease, with Ron L. Barber and/or Crown Realty Property Management forms the basis of the COMPLAINT, such a lease has neither been assumed nor rejected for the purposes of the Chapter 13 petition. See 11 U.S.C. § 365 (d) (1), (d) (2). Additionally, Plaintiff lacks standing; under substantive law the real party in interest,"... is the person holding the title to the claim of the property involved..." *U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986).* Not to mention the face of the COMPLAINT per the attached lease states Crown Realty Property Management as the landlord and owner. Moreover, any action taken during a bankruptcy stay constitutes a violation of the stay. *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1992).* Plaintiff has improperly brought this Court into conflict with an Order of the appropriate Court. This Court has

- 7 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

no jurisdiction and as a matter of law this cause of action and the Complaint in its entirety must be demurred and sustained.

Plaintiff further alleges right of possession, yet on the face of the COMPLAINT, Crown Realty Property Management is shown as the landlord and owner. Moreover, Defendant categorically denies entering a lease agreement with Ron L. Barber and Plaintiff fails to allege facts of a lease agreement with him.

**2. The Second Cause of Action Fails to State a Cause of Action for a Purported Balance Owed Plaintiff Because Entertainment of This Action Frustrates United States Code.**

Plaintiff Ron L. Barber and Crown Realty Property Management, in particular, Katherine Ocenasek are aware of the Defendant's bankruptcy petition. Notwithstanding the same, Plaintiff pursues this action in direct conflict with 11 U.S.C. § 362(a). See also 11 U.S.C. 157 (b) (2). Per the Ninth Circuit in Di Giorgio, "As debtors occupying rental property subject to a writ of possession, the Di Giorgios properly could challenge § 715.050, when they filed their bankruptcy petition." *In re Fred Di Giorgio 134 F.3d 971 (C.A.9 (Cal.), 1998*.

In this instant action, a writ of possession is not ripe; however, the current actions taken by Plaintiff which typically precede a writ of possession i.e. the Complaint, are likewise properly challenged and preempted per 11 U.S.C. § 362(a) and 11 U.S.C. § 365 (d) (1), (d) (2). To the extent a residential lease, with Ron L. Barber and/or Crown Realty Property Management forms the basis of the COMPLAINT, such a lease has neither been assumed nor rejected for the purposes of the Chapter 13 petition. See 11 U.S.C. § 365 (d) (1), (d) (2). Additionally, Plaintiff lacks standing; under substantive law the real party in interest,"… is the person holding the title to the claim of the property

- 8 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

involved…" *U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9ᵗʰ Cir. 1986)*. Not to mention the face of the COMPLAINT via the attached lease states *Crown Realty Property Management as the* landlord and owner. Moreover, any action taken during a bankruptcy stay constitutes a violation of the stay. *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9ᵗʰ Cir. 1992)*. Plaintiff has improperly brought this Court into conflict with an Order of the appropriate Court. This Court has no jurisdiction and as a matter of law this cause of action and the Complaint in its entirety must be demurred and sustained.

Plaintiff further alleges right of possession yet on the face of the COMPLAINT, Crown Realty Property Management is shown as the landlord and owner. Moreover, Defendant categorically denies any lease with Ron L. Barber nor did Defendant at any time pay or agree to pay any monies to Ron L. Barber. Simply put, Plaintiff's claim of monies owed to him is illusory, fact void, and must fail.

- 9 -

NOTICE OF HEARING AND DEMURRER TO COMPLAINT

Darryl Carter
207 Alaska Ave #1
Fairfield, CA, 94533-7400
707-471-8284

Darryl Carter, IN PRO PER

ENDORSED FILED
SOLANO SUPERIOR COURT

14 MAY 21  AM 9: 03

BY ___D. MCESSY___
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SOLANO

| | |
|---|---|
| Ron L. Barber et al., | ) Case No.: FCM141292 |
| Plaintiff, | ) LIMITED JURISDICTION |
| vs. | ) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S DEMURRERS |
| Darryl Carter, | ) |
| Defendant | ) Complaint filed: 05/13/14 |
| | ) Hearing Date: 5-27-14 |
| | ) Hearing Time: 8:30am |
| | ) Hearing Department: D-2W |

- 1 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

# REQUEST FOR JUDICIAL NOTICE

Pursuant California Evidence Code sections 451, 452, and 453, California Rule of Court 3.1306(c), and supporting, herein attached, declaration, Defendant requests that the Court take judicial notice of certain documents and facts. These documents are cited in (1) the Demurrer to Plaintiff's Complaint; and (2) the Motion to Quash Summons. The subject documents have been filed with this Court [small claims division], and with the United States Bankruptcy Court Eastern Division.

## 1. THE COURT MAY TAKE JUDICIAL NOTICE OF JUDGMENTS, FEDERAL LAW, AND FACTS.

Per Evid. Code § 451(a), The Court shall take notice of the following: "(a) The decisional, constitutional, and public statutory law of this state and of the United States and the provisions of any charter described in Section 3, 4, or 5 of Article XI of the California Constitution."

The Court may take judicial notice of the content of "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." Evid. Code § 452(d). California courts routinely take judicial notice of court proceedings. *People v. Moreno, 108 Cal. App. 4th 1, 4 n.4 (2003)* (taking judicial notice of record in prior appeal).

Lastly, the Court may take judicial notice of facts per Evid. Code § 452(h), as such Defendant requests judicial notice of the following documents:

1. Minute Order, *Carter v. Loyd D Gulate Inc. et. al.*, Case No. FSC059434 (Cal. Super. Ct., Solano County) (Minute Order, Ex. A);

- 2 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

2. Notice of Entry of Judgment against Katherine Ocenasek and, Loyd D Gularte Inc., in favor of Darryl Carter filed December 20, 2013, *Carter v. Loyd D Gularte Inc. et. al.*, Case No. FSC059434 (Cal. Super. Ct., Solano County) (Judgment, Ex. B); and

3. Notice of Hearing on Motion to Confirm 1st Modified Chapter 13 Plan, filed April 22, 2014, *In Re Darryl C. Carter*, Case No. 13-34802-B-13J (United States Bankruptcy Court of California, Eastern Division) (Plan Confirmation, Ex. C).

4. Trial de novo was heard per Case No. FCS042911 on April 21, 2014 as to the original matter, *Carter v. Loyd D Gularte Inc. et. al.*, Case No. FSC059434 (Cal. Super. Ct., Solano County).

5. Plaintiff in the trial de novo, along with his testimony, presented witness testimony of: (1) Darrell Mouton, and (2) Leejanay Singleton.

6. Defendant Ocenasek appeared in the trial de novo and did not present any witness testimony, aside from her own. Defendant Ocenasek was represented by counsel.

7. The small claims appeal i.e. trial de novo is pending as of the date this paper is filed with the Court.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's request for judicial notice.

Dated: May 20, 2014

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

1

2    Darryl Carter
     In Pro Per

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

## <u>DECLARATION IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE</u>

I, DEFENDANT, declare as follows

1. I am a resident of the State of California.

2. I am over the age of 18 years old.

3. I have personal knowledge of the facts contained in this declaration.

4. A true and correct copy of the minute order per case FSC059434 is attached.

5. A notice of entry of judgment was entered on 12/20/2013 against Katherine Ocenasek and Loyd D. Gularte Inc. in which I am the judgment creditor.

6. Katherine Ocenasek is stated as the agent for Crown Realty Property Management in the lease attached to Plaintiff's COMPLAINT the subject of this instant action.

7. Katherine Ocenasek is the signer for Crown Realty Property Management in the lease attached to Plaintiff's COMPLAINT the subject of this instant action.

8. A trial de novo was held on 04/21/14 relative to the petition filed by Katherine Ocenasek.

9. Katherine Ocenasek appeared personally and was represented by counsel.

10. The only witness testimony presented by Katherine Ocenasek was her own.

11. I presented my testimony as a witness and the testimony of (a) Leejaynay Singleton who, at the time, was in the later stages of her pregnancy, and (b) Darrell Mouton. I also presented a trial brief and exhibits.

12. Katherine Ocenasek by and through her attorney chose not to examine either witness, specifically (a) Leejaynay Singleton, and (b) Darrell Mouton.

13. Following trial de novo and on the same day 04/21/14 a minute order was entered/docketed at approximately 4:00 p.m.

---

- 5 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

14. I contacted the civil court clerk on at least two (2) occasions in an attempt to retrieve a copy of the minute order of the *trial de novo* case FCS042911and instead was advised *the entire file* was in chambers and therefore unavailable.

15. The minute order, for a small claims action, generally reflects the appearing parties, counsel, witness appearances, the disposition of trial minutes, and the disposition of materials presented in Court.

16. Since the trial de novo case FCS042911 minute order is unavailable I have presented facts, herein, which normally would be in the minute order thereby enabling attachment hereto. Moreover, as of the date of this declaration the file remains in chambers and therefore unavailable to attach hereto.

17. I received the notice of hearing on motion to confirm the 1st modified Chapter 13 plan, from my attorney, which is dated 04/22/14 as lodged with United States Bankruptcy Court in California, Eastern Division.

18. In the Chapter 13 petition, lodged with the United States Bankruptcy Court in California, Eastern Division, Loyd D. Gularte Inc. is identified as a debtor asset for the estate pending the outcome of the small claims civil matter, as mentioned above, and decided on 12/20/2013.

19. The exact amount of the debtor's asset claim with respect to Loyd D. Gularte Inc. was unknown and as such my attorney advised that the stated amount reflects only what a broker would pay for the claim at that time. Moreover, such is specifically listed alongside the Loyd D. Gularte Inc. asset in the Chapter 13 petition.

- 6 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

1    If called as a witness I could and would testify to all of the foregoing of my personal

2  knowledge.

3    I declare under the penalty of perjury under the laws of the State of California that the

4  foregoing is true and correct and that this declaration was executed on May 20, 2014 at Fairfield,

5  California.

6

7

8

9

10                                                    Darryl Carter
                                                      In Pro Per
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    - 7 -

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

# EXHIBIT A
(Minute Order)

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO

| | | |
|---|---|---|
| | **Case No.** | FSC059434 |
| **Plaintiff(s):** DARRYL CARTER | **Date:** | 18-DEC-2013 |
| vs | **Judge/Pro Tem:** | WILLIAM J PENDERGAST |
| | **Recorder:** | 1:36:00 |
| **Defendant(s):** LOYD D. GULARTE | **Clerk:** | VIRGINIA J SMITH |

☐ Parties orally advised of rights to have matter heard by a duly elected or appointed judicial officer of the court by Judge Pro Tem.

☐ Parties stipulate.     ☐ Plaintiff does not stipulate          ☐ Defendant does not stipulate

**Plaintiff:** ☒ sworn & testified.  ☐ No appearance      **Defendant:** ☒ sworn & testified.   ☐ No appearance

☒ Witness(es): **Darryl Carter**               ☒ Witness(es): **Catherine Ocenasek**

☒ Exhibits: **may be destroyed after Judgment**      ☒ Exhibits: **may be destroyed after Judgment**

**Exhibits** ☐ released to parties in open court ☐ to be **returned** after Court's decision ☒ **retained** with file.

## CONTINUED / OFF CALENDAR:

## MOTION HEARING:

☐ Granted.          ☐ Denied.

☐ Monies under levy ordered released to judgment creditor *to apply towards payment of judgment.*

☐ Continued ☐ Off calendar: request of ☐ Pltf ☐ Dft ☐ Crt to _____ at _____ Dept. _____ for _____

☐ Parties ☐ Plaintiff ☐ Defendant will be notified by mail of new court date.

☐ Monies ordered released to judgment debtor.

☐ _____

☐ No proof of service.  ☐ Send notice.

☐ _____

## TRIAL MINUTES

☐ **Case dismissed** ☐ **with** ☐ **without prejudice.**      ☒ **Case taken under submission.**

☐ Agreement to settle case recited on the record and approved by the court.

Ordered on plaintiff's claim:          Ordered on defendant's claim

☐ Judgment for plaintiff against defendant.          ☐ Judgment for defendant against plaintiff.

Principal:    $_____          Principal:    $_____

Costs:      $_____          Costs:     $_____

TOTAL:     $_____          TOTAL:     $_____

☐ Judgment for defendant.          ☐ Judgment for plaintiff.   ☐ by default

☐ Contract / check canceled.

Judgment payable in payments of $_____ per month commencing _____

Other: _____

## ORDER OF EXAMINATION

☐ Judgment debtor sworn: _____.

☐ Order discharged.

☐ $_____ bail posted is ordered released to the plaintiff to apply towards judgment.

☐ $_____ bail posted is ordered released to the depositor.

## WARRANT ORDERS

☐ Bench warrant to issue for _____.

☐ Bail set at $_____.

Bench warrant ☐ recalled ☐ filed ☐ set aside.

## SMALL CLAIMS MINUTES

Form #7030 Rev. 7/2011

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT B**
## (Judgment)

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

SC-130

Name and Address of Court:

600 Union Avenue
Fairfield, CA 94533

SMALL CLAIMS CASE NO.: **FSC059434**

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | *AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS:* Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado que usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

PLAINTIFF/DEMANDANTE (*Name, street address, and telephone number of each*):

Darryl Carter
207 Alaska Ave #1
Fairfield, CA 94533

Telephone No.

DEFENDANT/DEMANDADO (*Name, street address, and telephone number of each*):

Loyd D. Gularte, Inc.
DBA Crown Realty Property Mgmt

Telephone No.

1601 Lincoln Ave.
Napa, CA 94558

Telephone No.

Telephone No.

[✓] See attached sheet for additional plaintiffs and defendants.

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on (*date*): 8-8-13

1. [✓] Defendant (*name, if more than one*): Loyd D. Gularte, Inc. & Katherine Ocenasek
   shall pay plaintiff (*name, if more than one*): Darryl Carter
   $ 5297.08     principal and: $ 315.00     costs on plaintiff's claim.

2. [  ] Defendant does not owe plaintiff any money on plaintiff's claim

3. [  ] Plaintiff (*name, if more than one*):
   shall pay defendant (*name, if more than one*):
   $     principal and $     costs on defendant's claim.

4. [  ] Plaintiff does not owe defendant any money on defendants claim.

5. [  ] Possession of the following property is awarded to plaintiff (*describe property*):

6. [  ] Payments are to be made at the rate of: $     per (*specify period*):     , beginning on (*date*):     and on the (*specify day*):     day of each month thereafter until paid in full. If any payment is missed, the entire balance may become due immediately.

7. [  ] Dismissed in court [  ] with prejudice [  ] without prejudice.

8. [  ] *Attorney-Client Fee Dispute (Attachment to Notice of Entry of Judgment)* (form SC-132) is attached.

9. [  ] Other (*specify*):

10. [  ] This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.

11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

12. [  ] This notice was personally delivered to (*insert name and date*):

13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This *Notice of Entry of Judgment* was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

   Place of mailing: Fairfield     , California

   Date of mailing: 12/20/13          Clerk, by     M. FLEMING     , Deputy

| The county provides small claims advisor services free of charge. Read the information sheet on the reverse. |
|---|

Form Adopted for Alternative Mandatory Use
Judicial Council of California
SC-130 [Rev. July 1, 2010]

## NOTICE OF ENTRY OF JUDGMENT
(Small Claims)

Code of Civil Procedure, § 116.610
www.courtinfo.ca.gov

SC-130

| INFORMATION AFTER JUDGMENT | *INFORMACION DESPUES DEL FALLO DE LA CORTE* |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor**. The person (or business) who lost the case and who owes the money is called the **judgment debtor**.

Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is FINAL. You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

 **a. PAY THE JUDGMENT**
 The law requires you to pay the *amount of the judgment*. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford.
 Ask the clerk for information about these procedures.

 **b. APPEAL**
 If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You may not* appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 days after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a new trial and you must present your evidence again. You may be represented by a lawyer.

 **c. VACATE OR CANCEL THE JUDGMENT**
 If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 days from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

2. If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

 **a. COLLECTING FEES AND INTEREST**
 Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs*.

**b. VOLUNTARY PAYMENT**
Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

**c. STATEMENT OF ASSETS**
If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the *Judgment Debtor's Statement of Assets* (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

**d. ORDER OF EXAMINATION**
You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtors financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

**e. WRIT OF EXECUTION**
After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* (form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property. you may need to file other forms See the law officer for information.

**f. ABSTRACT OF JUDGMENT**
The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment*

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of Judgment* has been recorded, you must use another form; see the clerk for the proper form.

SMALL CLAIMS CASE NO.: **FSC059434**

### ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT *(Do not use this form if an Abstract of Judgment has been recorded.)*

**To the Clerk of the Court:**

I am the ☐ judgment creditor ☐ assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date

▶

_____      _____
(TYPE OR PRINT NAME)      (SIGNATURE)

**NOTICE OF ENTRY OF JUDGMENT**
**(Small Claims)**

## CERTIFICATE OF MAILING

I, the undersigned, certify under penalty of perjury that I am a deputy clerk of the above-entitled court and not a party to the within action; that I am familiar with the County of Solano's procedure for collection and processing of correspondence for mailing with the United States Postal Service. This document will be deposited with the United States Postal Service on the same day as the execution of this document in the mailing on the same day as the execution of this document at the address given for deposit in the United States Postal Service and following ordinary business practices. Said envelopes were addressed to the attorneys for the parties, or the parties. as shown below:

In addition to the parties listed on the Notice of Entry of Judgment

Katherine Ocenasek
Crown Realty Property Mgmt
102 Browns Valley Pkwy
Vacaville. CA 95688

Date of Mailing:  12/20/13
Place of Mailing:  Fairfield. CA

Declarant:_____ M. FLEMING

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C
## (Plan Confirmation)

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

1   Richard Jare, (SBN 109331)
    6440 Carolinda Drive
2   Granite Bay, CA 95746
    Meetings Only at 455 Capitol Mall, S. 330A
3        Sacramento, CA 95814
         Do not send any Postal mail to the
4        Capitol Mall Address
    Fax number:    (916) 676-0511
5   Phone:    (916) 409-6600
    Attorney for Debtor (s)

6

7                UNITED STATES BANKRUPTCY COURT
                 EASTERN DISTRICT OF CALIFORNIA
                      SACRAMENTO DIVISION
8
                              )    Case No. 13-34802-B-13J
9   In Re                     )
                              )       D.C. No. RJ-002
10  Daryl C. Carter,          )
                              )       Notice of Hearing on
11                            )      Motion to Confirm  1st
                              )     Modified Chapter 13 Plan
12                            )
                              )    Date: June 17, 2014
13                            )    Time: 9:32 AM
                              )    Place: Dept. "B", Ctrm 32
14                            )         501 I Street, 6th Flr
                              )         Sacramento, CA
15  _____Debtor_____

16      NOTICE IS HEREBY GIVEN that a hearing has been scheduled for

17  the Confirmation of Debtor's 1st Modified Chapter 13 Plan, served

18  herewith. This hearing shall be held on June 17, 2014 at the hour

19  of  9:32 a.m., or as soon thereafter as the matter may be heard.

20  The hearing shall take place in Courtroom "32", of the United

21  States Bankruptcy Court for the Eastern District of California,

22  Sacramento Division.  Judge Thomas C. Holman's court is on the

23  6th Floor of the Courthouse located at 501 "I" Street,

24  Sacramento, CA.

25      Pursuant to the Federal Rules of Bankruptcy Procedure, an

26  objection to Confirmation is governed by Rule 3015(b, Rule

27  3020(b) and Rule 9014. Pursuant to LBR 9014-1(f)(1)(ii),

28  opposition, if any, to the granting of the motion shall be in

                          Page 1 of 2

1   writing and shall be served and filed with the Court by the

2   responding party at least fourteen (14) calendar days preceding

3   the date or continued date of the hearing. Opposition shall be

4   accompanied by evidence establishing its factual allegations.

5   Without good cause, no party shall be heard in opposition to a

6   motion at oral argument if written opposition to the motion has

7   not been timely filed. Failure of the responding party to timely

8   file written opposition may be deemed a waiver of any opposition

9   to the granting of the motion or may result in the imposition of

10  sanctions (or late opposition may be stricken).

11          Opposition must be served and filed, the deadline for

12  filing and serving it is June 3, 2014 , and the names and

13  addresses of persons who must be served with any opposition are:

14  Chapter 13 Trustee              U.S. Trustee
    Jan P. Johnson, Esq.            501 I Street, Suite 7-500
15  PO Box 1708                     Sacramento, Ca 95814
    Sacramento, CA  95812

16

17

18

19
                            /s/ Richard Jare
20
        April 22, 2014 _____
21
                            Richard Jare, (SBN 109331)
22
                            Attorney for Debtor
23

24

25

26

27

28

                        Page 2 of 2

Richard Jare, (SBN 109331)
6440 Carolinda Drive
Granite Bay, CA 95746
Meetings Only at 455 Capitol Mall, S. 330A
Sacramento, CA 95814
Do not send any Postal mail to the
Capitol Mall Address
Fax number:     (916) 676-0511
Phone:    (916) 409-6600
Attorney for Debtor (s))

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re                          )     Case No. 13-34802-B-13J
                               )          D.C. No. RJ-002
Daryl C. Carter,               )
                               )          Motion to Confirm
                               )     1st Modified Chapter 13
                               )               Plan
                               )
                               )     Date: June 17, 2014
                               )     Time: 9:32 AM
                               )     Place: Dept. "B", Ctrm 32
                               )          501 I Street, 6th Flr
_____Debtor(s)___          Sacramento, CA

     Debtor herein, moves the court herein to Confirm his 1st
Modified Chapter 13 Plan, filed on April 22, 2014.  The plan is
a preconfirmation amendment.

     This motion is made on the ground that:

     A.  The Plan is proposed in good faith.

     B.  The plan complies with 11 U.S.C. §1322.

     C.  The declaration of the debtor in support of the motion
will constitute the evidence in support of this motion.

     1. The Debtor proposes the 1st Modified plan filed herewith.

     2. The debtor explains in his declaration that he can make
the $350 monthly payments under the plan.

     3. The financial situation is being stabilized by the 1st

Modified Plan.

4. The debtor sought bankruptcy relief on November 20, 2013, under Chapter 13 rather than Under Chapter 7 in order to reduce his monthly payments.

5. He is still unemployed. The budget at the inception of the case will remain the budget for the forseeable future as soon as the anticipated federal Unemployment benefits are authorized by legislation.

6. The 1st Modified Chapter 13 Plan complies with applicable law, including the provisions of Chapter 13 and other relevant provisions of the Bankruptcy Code. In particular, the proposed plan pays 0.0% to the unsecured creditors. The liquidation test allows a plan which pays nothing to the unsecured creditors. The best efforts test allows a plan which pays nothing to the unsecured creditors. The Means test allows a plan which pays nothing to unsecured creditors.

7. Any filing fees or charges required by the Court have been paid.

8. He will comply with the plan and soon he will be able to remit the payments specified by the plan. He is paying all of his disposable income to the trustee for the benefit of the creditors. Secondly, the $350 payment, is also the most that he will be able to pay. Therefore the plan is his best effort.

9. Unsecured creditors will receive at least what they would receive in the event of a Chapter 7 liquidation. The proposed dividend is 0%. All of the assets are exempt. Schedules B and C filed at the inception of the case correctly portray the liquidation scenario. Schedule C filed exempts all unencumbered property, fully. Upon liquidation of the estate under a Chapter

7 scenario, the Chapter 7 trustee would not find any unexempt property.

    10. All secured creditors provided for have either accepted the plan, or the plan proposes a surrender of the property securing their claims, or the plan provides to pay the creditors pursuant to section 1325(a)(5)(B). The only secured creditor is in Class 2 of the plan, GM-Americredit.

    11. He will be able to make the payments under the plan and comply with the plan.

    12. He has no domestic support obligations .

    13. He has filed all applicable tax returns that have become due for the last 4 years.

    14. Other than as described above, Schedules I and J filed at the inception of the case are still valid.


    Wherefore, Debtor prays that the motion be granted and the plan be confirmed.


                Respectfully submitted.

                /s/ Richard Jare

April 22, 2014 _____
                Richard Jare, (SBN 109331)
                Attorney for Debtor

# **EXHIBIT D**

## (Post and Mail 05/20/14)

COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

LAW OFFICES OF

TERRY A. DUREE, INC.
A PROFESSIONAL CORPORATION
622 JACKSON STREET
FAIRFIELD, CALIFORNIA, 94533

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7012 2920 0001 1511 9928

DARRYL CARTER
207 ALASKA AVE. #1
FAIRFIELD, CA 94533

9453387400 C042



02 1P
0001818775   MAY 20 2014
MAILED FROM ZIP CODE 94533

UNITED STATES POSTAGE
$ 004.41⁰
PITNEY BOWES

Dated
05/20/14

LAW OFFICES OF

TERRY A. DUREE, INC.

A PROFESSIONAL CORPORATION
622 JACKSON STREET
FAIRFIELD, CALIFORNIA, 94533

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7012 2920 0001 1511 9935

ALLUCCO C/O DARRYL CARTER

207 ALASKA AVE. #1

FAIRFIELD, CA 94533

9453387400 C042



Dated
05|20|14

UNITED STATES POSTAGE

$ 004.410

02 1P
0001818775
MAILED FROM ZIP CODE 94533

PITNEY BOWES
MAY 20 2014